UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED STEEL RECOVERY, LLC, | No. 2:16-cv-00148-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| X-BODY EQUIPMENT, INC., JEWELL ATTACHMENTS, LLC, J.D.M.L., INC., dba STANDARD INDUSTRIES, and ALLSTATE PAPER & METAL RECYCLING CO., INC., | |
| Defendants. | |

The matter is before the court on a motion to dismiss and for sanctions brought by defendants X-Body Equipment (X-Body) and Jewell Attachments, LLC (Jewell). Mot., ECF No. 13. Plaintiff Advanced Steel Recovery, LLC (Advanced Steel) opposes, Opp'n, ECF No. 28, and defendants have replied. Reply, ECF No. 36-1. As explained below, the court GRANTS defendants' motion to dismiss with leave to amend and DENIES the motion for sanctions.

/////

/////

/////

1

I.     BACKGROUND

    A.     Factual Allegations

Plaintiff owns United States Patent 9,056,731 (the '731 Patent) by virtue of an assignment, which is the patent at issue here. Compl. ¶ 14, ECF No. 1. The '731 Patent, titled "Container Packer System and Method," was issued on June 16, 2015. *Id.* ¶ 15. It is a continuation-in-part (CIP) application of United States Patent 8,061,950 (the '950 Patent), which itself was a CIP application of United States Patent 7,744,330 (the '330 Patent). The '330 Patent and the '950 Patent previously were litigated in another case in this district that was later appealed to the Federal Circuit (Prior Litigation). *See* Case No. 12-1004-GEB-DAD; *Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, 808 F.3d 1313 (Fed. Cir. 2015). On appeal, the Federal Circuit affirmed the district court's decision that the Acculoader device, the same device at issue here, did not infringe the asserted claims of the '950 Patent literally or under the doctrine of equivalents.[1] *See generally id.*

The '731 Patent describes a system and method for packing overseas containers with materials. Compl. ¶ 16. The system described includes a transfer base and a container packer. *Id.* The transfer base contains control systems, among other things, to operate the system and receive the container. *Id.* Defendants make, use, offer to sell, and/or sell a product known as the Acculoader that infringes at least one claim of the '731 Patent. *Id.* Specifically, defendant Jewell manufactures the Acculoader and sells it to defendant X-Body. *Id.* ¶ 18. X-Body then resells the Acculoader to users, including defendants Standard Industries and Allstate Paper & Metal Recycling Co., Inc., who have purchased or otherwise make arrangements to use the Acculoader for loading various materials into transport containers. *Id.* Plaintiff provided a written notice to defendants of the '731 Patent on July 16, 2015. *Id.* ¶ 17.

---

[1] "To establish literal infringement, every limitation set forth in a claim must be found in an accused product, exactly." *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995). To establish infringement under the doctrine of equivalents, a "patentee must . . . provide particularized testimony and linking argument as to the insubstantiality of the differences between the claimed invention and the accused device or process, or with respect to the function, way, result test when such evidence is presented . . . ." *AquaTex Indus., Inc. v. Techniche Sols.*, 479 F.3d 1320, 1328 (Fed. Cir. 2007) (citation omitted).

Plaintiff has not licensed or authorized defendants, or its dealers, customers, or affiliates, to sell or use a system within the scope of the claims in the '731 Patent. *Id.* ¶ 20. Defendants have known about the '731 Patent since July 16, 2015 and the Prior Litigation, in which the complaint was filed by plaintiff on April 16, 2012, but have not altered their conduct with respect to the Acculoader. *Id.* ¶ 22; Compl., *Advanced Steel Recovery, LLC v. X-Body Equipment, Inc.*, No. 12-1004 (E.D. Cal. Apr. 16, 2012), ECF No. 1.

B.   Procedural History

On January 25, 2016, plaintiff filed the complaint in this action for monetary damages, alleging defendants infringed the '731 Patent within the meaning of 35 U.S.C § 284, from at least July 16, 2015, when defendants were notified of the existence of the '731 Patent, if not as early as June 16, 2015, the issue date of the '731 Patent. Compl. ¶ 23. Plaintiff also seeks a permanent injunction to prevent defendants' further violation of the '731 Patent, and attorneys' fees and costs. *Id.* On March 22, 2016, defendants filed the pending motion, supported by declarations and exhibits.

II.   RULE 12(b)(6) MOTION TO DISMISS OR RULE 56 SUMMARY JUDGMENT MOTION

A.   Parties' Arguments

The threshold issue here is whether defendants can move to dismiss on the basis that defendants' alleged violation of the patent predated the patent's priority date. Plaintiff argues defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be denied, because defendants' argument is a factual issue that cannot be resolved at the motion to dismiss stage. Opp'n at 6. Plaintiff further argues the Rule 12(b)(6) motion to dismiss should not be converted to a Rule 56 motion for summary judgment, despite defendant's submission of materials outside the complaint, because claim construction and expert discovery are required to resolve the issue of priority date, and even if not, a substantial continuance should be provided for plaintiff to respond to the motion if so converted. Opp'n at 9–10. Defendant agrees the motion need not be converted. Reply at 8. Defendant argues plaintiff's claims are not plausible based on the complaint, its attachments, and matters properly subject of judicial notice. *Id.* Finally, both

3

plaintiff and defendants also address the determination of a priority claim, which the court will not address at this point for reasons explained below.

### B. Legal Standards in Patent Cases

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A party may thus move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). In making this context-specific evaluation, this court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001).

In deciding a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" when reviewing a motion to dismiss. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899–900 (9th Cir. 2007) (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)). Rule 12(d) addresses the use of materials which are outside the pleadings in motions to dismiss under Rule 12(b)(6). Fed. R. Civ. P. 12(d); *see also Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004). When such materials are presented, the motion is treated as one for summary judgment. *Olsen*, 363 F.3d at 922. However, certain additional materials may be considered without converting the motion to dismiss into a motion for summary judgment. While a court is generally limited to the four corners of the complaint, the court may consider exhibits

attached to the complaint, *see Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents incorporated by reference into the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  Documents upon whose contents the complaint necessarily relies—even if the complaint does not explicitly allege their contents—and whose authenticity and relevance are uncontested, are considered incorporated by reference.  *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005). The court may, in addition, take into account material that is properly the subject of judicial notice.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).  Judicial notice may be taken of a fact not subject to reasonable dispute because it either is generally known within the trial court's territorial jurisdiction, or can be readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).

With respect to a Rule 12(b)(6) motion to dismiss patent claims, determination of a priority claim raises a question of law based on undisputed facts.  *Amkor Tech v. Int'l Trade Comm'n*, 692 F.3d 1250, 1254 (Fed. Cir. 2012); *Bradford Co. v. Conteyor North America, Inc.*, 603 F.3d 1262 (Fed. Cir. 2010).  Accordingly, the issue raised by defendants' motion—whether plaintiff's claim is barred because sales occurred and publications describing the defendants' Acculoader product were distributed more than a year before the '731 patent application filed on November 22, 2011—could in some cases be decided on a motion to dismiss depending on the allegations in plaintiff's complaint and matters properly susceptible of judicial notice.

Here, however, defendants have presented matters outside the pleadings. Although as noted, a court may consider matters by way of judicial notice without converting a motion to dismiss into a motion for summary judgment, *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003), defendants have instead presented the declaration of Robert Harkins, counsel for defendants X-Body and Jewell, in an attempt to clarify and supplement the judicially noticeable factual record on the motion to dismiss.  A court, in its discretion, may consider matters outside the pleadings, but if it does so, the motion must be converted to one for summary judgment under Federal Rule of Civil Procedure 56, and all parties must be given a reasonable

1  opportunity to respond to the extra-record material.  Fed. R. Civ. P. 12(d); *see also Ritchie*, 342
2  F.3d at 907.  If the court does not convert the motion to dismiss into a motion for summary
3  judgment, the court declines to consider matters outside the pleadings that are not judicially
4  noticeable.  *See Wiles v. Scott*, No. 12-5722, 2012 WL 7619807, at *3 (W.D. Wash. Dec. 19,
5  2012), *report and recommendation adopted*, No. 12-5722, 2013 WL 750777 (W.D. Wash. Feb.
6  27, 2013).

7        C.     Discussion

8            Given the early stage of this case, the lack of discovery, and the sparse record
9  before the court, the court declines to convert defendants' Rule 12(b)(6) motion to dismiss into a
10 Rule 56 motion for summary judgment.  The court does not consider the content of the Harkins
11 declaration, or the declaration of William Jon Maul submitted in support of the motion for
12 sanctions.  The five exhibits attached to the Maul declaration, consisting of photographs of the
13 Acculoader and an email, also are not considered as they are not subject to judicial notice under
14 Federal Rule of Evidence 201.  Regarding the Harkins declaration's attachments, Exhibit 1, is a
15 copy of the Federal Circuit opinion on a related case; Exhibit 2 is a copy of the Federal Circuit
16 mandate from the related case; Exhibit 3 is a copy of the '950 patent; and Exhibit 4 is a copy of
17 the file history for the '731 patent.  These exhibits are matters of public record and are susceptible
18 of judicial notice under Rule 201.  *Lee*, 250 F.3d at 690 (a court may take judicial notice of the
19 existence of another court's opinion); *Coinstar, Inc. v. Coinbank Automated Sys., Inc.*, 998 F.
20 Supp. 1109, 1114 (N.D. Cal.1998) (granting defendant's request for judicial notice of two patents
21 and documents from the file history of one of the patents).  Plaintiff's request for judicial notice
22 of the '330 and '950 patents also is granted.  *See* ECF No. 28-1.

23 III.     ANALYSIS: DISMISSAL

24           Defendants argue that plaintiff's claim is barred because sales of and publications
25 describing the defendants' Acculoader occurred more than a year before plaintiff's '731 Patent
26 application was filed.  This argument raises two questions: (1) when did defendants allegedly start
27 to infringe the '731 patent, and (2) whether plaintiffs are alleging a priority date earlier than the
28 filing date of the '731 patent.

1          Plaintiff alleges defendants make, use, offer to sell, and/or sell the Acculoader
2  product and that it infringes at least one claim of the '731 Patent.  Compl. ¶ 16.  The complaint
3  generally alleges "subsequently to the issuance of the '731 Patent, [d]efendants have infringed the
4  '731 Patent by making, using, importing, offering to sell . . . the Acculoader . . . ."  *Id.* ¶ 26.  The
5  complaint alleges no facts as to when the infringement began.  *Quantum Loyalty Sys., Inc. v. TPG*
6  *Rewards, Inc.*, No. 09-022, 2009 WL 5184350, at *8 (D. Del. Dec. 23, 2009), *report and*
7  *recommendation adopted as modified*, No. 09-22, 2010 WL 1337621 (D. Del. Mar. 31, 2010)
8  (denying defendant's motion to dismiss plaintiff's claim of patent infringement for not alleging
9  any facts as to when infringement began or whether infringement has continued during litigation
10 without prejudice to renewal following the completion of discrete discovery on issue of product
11 identification).  Plaintiff attaches to the complaint a user manual for the Acculoader.  *See* Compl.,
12 Ex. 2.  Though stamped with the date July 28, 2010, there is no explanation in the user manual or
13 otherwise in the complaint to clarify what the date signifies.  Plaintiff alleges that "subsequent to
14 the issuance of the '731 Patent" defendants infringed the patent, *id.* ¶ 26, but the issuance date of
15 the '731 Patent was June 16, 2015, *id.* ¶ 15.  It is not clear from the face of the complaint whether
16 plaintiff's position is that the '731 patent is entitled to a date earlier than that patent's date of
17 filing.  *See PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1305–06 (Fed. Cir. 2008)
18 (plaintiff carries burden to show it is entitled to claim priority based on an earlier filing date).  In
19 their briefs, the parties dispute whether the claims asserted are entitled to the filing date of the
20 application for the '330 Patent, which was June 13, 2008.  *See* Opp'n at 3; Mot. at 5.

21         The court does not reach the issue of priority date of the patent claim at issue,
22 because plaintiff has not alleged when exactly defendants began to infringe the '731 patent.  The
23 court also finds the motion for sanctions to be premature.

24         Federal Rule of Civil Procedure 15(a)(2) provides, "[t]he court should freely give
25 [leave to amend its pleading] when justice so requires," and the Ninth Circuit has "stressed Rule
26 15's policy of favoring amendments."  *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149,
27 1160 (9th Cir. 1989).  Defendants' motion to dismiss is GRANTED but with leave to amend in
28

light of plaintiff's arguments in its briefing, which suggest amendment may be possible, consonant with Federal Rule of Civil Procedure 11.

IV.     PRETRIAL SCHEDULING

Discovery is opened for the limited purpose of discovering information related to priority of claim, for a ninety (90) day period from the filed date of this order.  The parties are ORDERED to file a stipulation defining the scope of this discovery within twenty-one (21) days of the date of this order.  Defendants may renew their motion to dismiss within thirty (30) days after the close of the limited discovery period.  The court will schedule the balance of the case after the resolution of any renewed converted motion.

V.     CONCLUSION

Defendants' motion to dismiss is GRANTED with leave to amend and defendants' motion for sanctions is DENIED.  Plaintiff is ORDERED to file a first amended complaint within fourteen (14) days of the date of this order.  The parties are ORDERED to file a stipulation as to the scope of the limited discovery allowed above within twenty-one (21) days of the date of this order.  Defendants may renew their motion to dismiss within thirty (30) days after the close of the limited discovery period.

IT IS SO ORDERED.

DATED: August 8, 2016.

_____
UNITED STATES DISTRICT JUDGE