UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED STEEL RECOVERY, LLC, | No. 2:16-cv-00148-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| X-BODY EQUIPMENT, INC., et al., | |
| Defendants. | |

Defendants X-Body Equipment, Inc. and Jewell Attachments, LLC (collectively, "defendants") request an order sealing Exhibits 1, 2, and 4 to the declaration of Greg Bushong filed in connection with defendants' motion to dismiss with prejudice or, in the alternative, for summary judgment, and for sanctions. Defs.' Req. Seal, ECF No. 53. Defendants' request is unopposed. As explained below, the court DENIES defendants' request to seal without prejudice.

I.   LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). While "the right to inspect and copy judicial records is not absolute," access in civil cases is properly denied for clearly justifiable reasons: to protect against "gratif[ication of] private spite or promot[ion of] public scandal," or to preclude court dockets

1

1   from becoming "reservoirs of libelous statements," or "sources of business information that might
2   harm a litigant's competitive standing." *Id.* at 598 (citations omitted).  As the Ninth Circuit
3   instructs, a "strong presumption in favor of access" to the record governs in a court of law unless
4   the case or a part of it qualifies for one of the relatively few exceptions "traditionally kept secret,"
5   with secrecy allowed for good reasons.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122,
6   1135 (9th Cir. 2003).  "Those who seek to maintain the secrecy of documents attached to
7   dispositive motions must meet the high threshold of showing that 'compelling reasons' support
8   secrecy."  *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing
9   *Foltz*, 331 F.3d at 1136).  The compelling-reasons standard applies even if contents of the
10  dispositive motion or its attachments have previously been filed under seal or are covered by a
11  generalized protective order, including a discovery phase protective order.  *See Foltz*, 331 F.3d
12  at 1136.
13          The Eastern District of California has adopted rules to clarify procedures for
14  parties' compliance with the law reviewed above.  Local Rule 141 provides that documents may
15  be sealed only by a written order of the court after a particularized request to seal has been made.
16  E.D. Cal. L.R. 141(a).  A mere request to seal is not enough under the local rules.  Local Rule
17  141(b) expressly requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or
18  other authority for sealing, the requested duration, the identity, by name or category, of persons to
19  be permitted access to the document, and all relevant information."  The court's Standing Order,
20  available on its web page, emphasizes the requirement that parties comply with the law and the
21  rules in making any sealing request, which they should do lightly and only rarely if at all.
22  II.     DISCUSSION
23          Defendants here request to file under seal certain sales invoices because they
24  "contain pricing, product and customer information that is highly confidential to Defendants."
25  Defs.' Req. Seal at 1.  Defendants note that they have designated the exhibits "Highly
26  Confidential – Attorneys' Eyes Only."  *Id.*
27          The court finds defendants have not met the requirements for sealing provided by
28  the Local Rules and the Ninth Circuit.  Specifically, defendants have not met the high standard of

articulating "compelling reasons" for sealing documents relied upon in a dispositive motion, *see Kamakana*, 447 F.3d at 1178, and have not set forth the statutory or other authority for sealing in these circumstances, as required by Local Rule 141(b). It is not clear from defendants' request what information on the invoices is confidential, why it might harm defendants for that information to become public, or why defendants' interests could not be protected instead by redaction.

III.     CONCLUSION

For the foregoing reasons, the court DENIES without prejudice defendants' request to file Exhibits 1, 2, and 4 to the Bushong declaration under seal. If defendants again file such an unsupported request to seal, the court cautions they will be required to show cause why they should not be subject to monetary sanctions. In the alternative, defendants may withdraw the invoices as supporting exhibits, and the court will not consider them in evaluating defendants' motion to dismiss with prejudice or, in the alternative, for summary judgment, and for sanctions.

IT IS SO ORDERED.

DATED: September 19, 2016

UNITED STATES DISTRICT JUDGE

3