UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED STEEL RECOVERY, LLC, | No. 2:16-cv-00148-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| X-BODY EQUIPMENT, INC., et al., | |
| Defendants. | |

Defendants X-Body Equipment, Inc. and Jewell Attachments, LLC (collectively, "defendants") renew their request for an order sealing exhibits one, two and four to the declaration of Greg Bushong filed in connection with defendants' motion to dismiss with prejudice or, in the alternative, for summary judgment, and for sanctions. Renewed Req. Seal, ECF No. 57-1. Defendants' request is unopposed. As explained below, the court GRANTS defendants' request to seal.

I.  BACKGROUND

    A.  First Request to Seal

On September 9, 2016, defendants requested the court issue an order sealing exhibits one, two and four to the declaration of Greg Bushong. ECF No. 53-1 at 2. In support of their request, defendants provided little more than conclusory statements, contending the exhibits

1

were invoices that contained pricing, product, and customer information, all of which was highly confidential. *Id.*

The court denied defendants' request to seal without prejudice. ECF No. 55 at 1. In denying defendants' request, the court concluded defendants did not meet the high threshold showing of "compelling reasons" to support the requested secrecy. *Id*. at 3. In particular, defendants' request did not clarify "what information on the invoices [was] confidential, why it might harm defendants for that information to become public, or why defendants' interests could not be protected instead by redaction." *Id.* In the end, the court admonished the defendants, warning if they again filed another unsupported request to seal, they would be required to show cause why they should not be subject to monetary sanctions. *Id.*

B.   Renewed Request to Seal

On September 20, 2016, defendants filed their renewed request to seal. Renewed Req. Seal at 2. In this request, defendants ask the court approve redaction of the "confidential pricing and cost information" contained in exhibits one, two and four and seal the unredacted versions of the exhibits. *Id.* Before making their request, however, defendants filed redacted versions of exhibits one, two and four on the docket. *See* ECF Nos. 56-1, 56-2, 56-4.

II.   LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). While "the right to inspect and copy judicial records is not absolute," access in civil cases is properly denied for clearly justifiable reasons: to protect against "gratif[ication of] private spite or promot[ion of] public scandal" or to preclude court dockets from becoming "reservoirs of libelous statements" or "sources of business information that might harm a litigant's competitive standing." *Id.* at 598 (citations omitted). As the Ninth Circuit instructs, a "strong presumption in favor of access" to the record governs in a court of law unless the case or a part of it qualifies for one of the relatively few exceptions "traditionally kept secret," with secrecy allowed for good reasons. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "Those who seek to maintain the secrecy of documents attached to

dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1136). The compelling-reasons standard applies even if contents of the dispositive motion or its attachments have previously been filed under seal or are covered by a generalized protective order, including a discovery phase protective order. *See Foltz*, 331 F.3d at 1136.

III.     DISCUSSION

Here, the court finds defendants have met the "compelling reasons" standard. As recounted above, "the right to inspect and copy judicial records is not absolute," and access in civil cases may be properly denied for clearly justifiable reasons, including the need to protect against revealing "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Here, defendants have now articulated why the pricing information in exhibits one, two and four qualifies was confidential; they contend such information is not generally disseminated to the public, and they have taken steps to protect the information as trade secret; if competitors knew the specifics of defendants' pricing, they could use the information to undercut defendants' pricing and make sales at defendants' expense. Renewed Req. Seal at 3. The court finds these reasons compelling. This court's conclusion aligns with the Ninth Circuit's unpublished but persuasive decision in *In re Elec. Arts, Inc*., 298 F. App'x 568, 570 (9th Cir. 2008). In that case, the court found compelling reasons to grant the petitioner company's motion to seal pricing terms; it concluded if the information was released, the company "would be irreparably damaged in a way not correctable on appeal." *Id.*[1] Moreover, defendants' position that the pricing information itself is not material to the motion pending before the court appears sound, offsetting the need for this particular information to be made public.

---

[1] The Ninth Circuit's holding is not binding on this court. *See* Ninth Circuit Rule 36–3; *Johnson v. Nevada* ex rel. *Bd. of Prison Comm'rs*, No. 11–00487, 2013 WL 5428423, at *7 (D. Nev. Sept. 26, 2013) (under Ninth Circuit Rule 36–3, unpublished Ninth Circuit opinions have "only persuasive rather than authoritative or precedential value"); *see also Gray v. Astrue*, No. 11–294, 2012 WL 4097762, at *9 (D. Idaho Sept. 17, 2012) (same).

1          Accordingly, defendants' request to seal the unredacted versions of exhibits one, two and four is GRANTED.  The court notes that defendants filed redacted versions of the exhibits on the docket without first requesting court authorization, in violation of Local Rule 140(b).  *See* E.D. Cal. L.R. 140(b) ("No other redactions are permitted unless the Court has authorized the redaction.").  Because the court concludes compelling reasons exist to redact the exhibits, the court will not strike redacted exhibits one, two and four from the docket.  Instead, the court admonishes defendants to comply with the Local Rules in the future or risk sanctions.

IV.     CONCLUSION

           For the foregoing reasons, defendants' motion to seal unredacted versions of exhibits one, two and four to the declaration of Greg Bushong, filed in connection with defendants' motion to dismiss with prejudice or, in the alternative, for summary judgment, and for sanctions, is GRANTED.

           IT IS SO ORDERED.

DATED: October 31, 2016.

_____
UNITED STATES DISTRICT JUDGE