UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED STEEL RECOVERY, LLC, | No. 2:16-cv-00148-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| X-BODY EQUIPMENT, INC., et al., | |
| Defendants. | |

Plaintiff Advanced Steel Recovery sues defendants X-Body Equipment, Inc. and Jewell Attachments, LLC, alleging defendants' "Acculoader" product infringes plaintiff's patent. Defendants' second motion to dismiss and, in the alternative, motion for summary judgment, is before the court, Mot., ECF Nos. 47, 54. Defendants also move for sanctions. *See* Mot.

The court submitted the matter after a hearing at which Mark Nielsen and C. Wook Pak appeared for plaintiff and Robert Harkins appeared for defendants. Mins., ECF No. 66. As explained below, the court DENIES defendants' motion to dismiss, DENIES defendants' motion for summary judgment, and DENIES defendants' motion for sanctions.

/////

/////

/////

1

# I. PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

On January 25, 2016, plaintiff filed the original complaint for monetary damages, alleging defendants infringed plaintiff's United States Patent 9,056,731 (the '731 Patent). Compl. ¶¶ 15–16, ECF No. 1. The product on which plaintiff bases its claims of infringement is called the "Acculoader," which loads scrap metal and other materials into transport containers. *Id.* ¶ 21. Specifically, plaintiff alleges several claims in the '731 Patent were issued by the U.S. Patent and Trademark Office before defendants made, used and sold the Acculoader. *Id.* ¶¶ 16, 21, 24, 26. Plaintiff seeks a permanent injunction to prevent defendants' further violation of the '731 Patent. *Id.* ¶ 31. On March 22, 2016, defendants first moved to dismiss plaintiff's patent infringement claim. ECF No. 12.

### A. Prior Order on Defendants' First Motion to Dismiss

On August 9, 2016, the court granted defendants' first motion to dismiss because the complaint did not state when defendants allegedly began to infringe the '731 Patent or whether the '731 Patent was entitled to a priority date before the Patent's November 22, 2011 filing date. Prior Order at 7, ECF No. 42. A priority date is the proper patent filing date to which an inventor can "claim priority." *Finjan, Inc. v. Proofpoint*, Inc., No. 13–05808, 2016 WL 1427492, at *8 (N.D. Cal. Apr. 12, 2016). As discussed further below, the "priority date" for a patent may be the filing date of that patent, or the filing date of the patent's "parent" application, if it has a "parent." 35 U.S.C. § 111 ("The filing date . . . shall be the date on which a specification, with or without claims, is received in the United States Patent and Trademark Office."); 35 U.S.C. § 100 (priority date may be actual filing date or filing date "of the earliest application for which the patent or application is entitled"); *Waldemar Link v. Osteonics Corp.*, 32 F.3d 556, 558 (Fed. Cir. 1994) (reviewing priority date rules).

The court gave plaintiff leave to amend and also opened discovery for the limited purpose of determining the question of the priority date. Prior Order at 8. The court subsequently approved the parties' joint status report detailing the schedule for the filing of moving papers after limited discovery closed. ECF No. 43.

B. <u>First Amended Complaint</u>

On August 23, 2016, plaintiff filed its First Amended Complaint, again alleging defendants' "Acculoader" infringed plaintiff's '731 Patent. First Am. Compl. (FAC) ¶¶ 18, 24, ECF No. 44.

The '731 Patent, titled "Container Packer System and Method," was filed on November 22, 2011. FAC Ex. 1 at 2, ECF No. 44-1. The '731 Patent is based on a continuation-in-part (CIP) application following United States Patent 8,061,950 (the '950 Patent), which itself was a CIP application of United States Patent 7,744,330 (the '330 Patent). *Id.* A "continuation-in-part" application is a new patent application filed by the original patent applicant, which repeats a substantial part of the earlier application, but adds to or subtracts from claims disclosed in a substantially similar earlier application. 35 U.S.C § 120; *Phigenix, Inc. v. Genentech Inc.*, 238 F. Supp. 3d 1177, 1180 (N.D. Cal. 2017). The '950 Patent was filed on June 29, 2010. Pl.'s Request for Judicial Notice (RJN) Ex. 2 at 21, ECF No. 28-1. The '330 Patent was filed on June 13, 2008. *Id.* Ex. 1 at 5.[1]

As briefly noted above, plaintiff alleges "claims 1, 4, 5, and 7 of the [']731 [P]atent . . . are entitled to an effective filing date of June 13, 2008, which is the filing date of the application for the '330 Patent." FAC ¶ 22. "Effective filing date" is a synonym for priority date, which can include the filing date of a substantially similar earlier application. 35 U.S.C. § 100 ("effective filing date" includes "the earliest application for which the patent or application is entitled"). Plaintiff also alleges "disclosures in both the application for the '330 Patent and the application for the '950 Patent are sufficient to comply with the written description requirement with respect to all of the limitations contained in at least claims 1, 4, 5, and 7 of the '731 Patent." FAC ¶ 22. As discussed further below, under the "written description" requirement, the patent specification at issue "must clearly allow persons of ordinary skill in the art to recognize that the inventor invented what is claimed." *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351

---

[1] The court judicially notices these patent applications. *See GeoVector Corp. v. Samsung Elecs. Co.*, 234 F. Supp. 3d 1009, 1016 n.2 (N.D. Cal. 2017) (courts may take judicial notice of patents in pertinent part because they are publicly available government records).

3

1  (Fed. Cir. 2010) (en banc) (internal citations omitted), *see* 35 U.S.C. § 112 ("The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention."). Here, plaintiff alleges certain limitations in the earlier '950 and '330 Patents complied with the written description requirement applicable to the '731 Patent because they adequately disclosed several limitations carried over into the '731 Patent. FAC ¶ 22.

The First Amended Complaint alleges defendants began to infringe the '731 Patent by making and selling the Acculoader in or about August 2011, after the "effective filing date" of the '731 Patent, "which is June 13, 2008." *Id.* ¶ 25.

On September 9, 2016, defendants filed their second motion to dismiss and in the alternative, a motion for summary judgment. Mot. Defendants also request sanctions, contending plaintiff's suit is "wasting the time of the parties and the Court when any reasonable person can see that the asserted '731 [P]atent claims" provide disclosures not available in the '330 and '950 Patents, meaning the '731 Patent's priority date cannot be earlier than November 22, 2011, the time after defendants marketed their Acculoader. Mot. at 21.

II.   DEFENDANTS' ALTERNATIVE MOTIONS

As noted above, defendants have moved for a motion to dismiss and, in the alternative, a motion for summary judgment. Mot. at 9–22. The court assesses each motion in turn, starting with the motion to dismiss.

   A.   MOTION TO DISMISS

      1.   Legal Standards

In a patent case, a motion to dismiss for failure to state a claim upon which relief can be granted raises a purely procedural question not actually pertaining to patent law. *C & F Packing Co., Inc. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed. Cir. 2000). Thus, on review the court applies the law of the regional circuit, here the Ninth Circuit. *Id.*; *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007) ("[W]e apply the law of the regional circuit.").

In this circuit, a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann*, 707 F.3d at 1122. The court assumes these factual allegations are true and draws reasonable inferences from them. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). The complaint need only put the defendant "on notice as to the nature of the claim against him and the relief sought." *Id.* at 574. But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Ashcroft*, 556 U.S. at 678. Accordingly, conclusory or formulaic recitations of a cause's elements do not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

Evaluation under Rule 12(b)(6) is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679. In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Aside from the complaint, district courts have discretion to examine documents incorporated by reference, *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012); affirmative defenses based on the complaint's allegations, *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013); and proper subjects of judicial notice, *W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 976 (9th Cir. 2012).

2.  Discussion

Defendants contend the court should grant its second motion to dismiss because plaintiff still has not adequately pleaded the '731 Patent had an effective date or priority date that came before defendants' sale and marketing of the Acculoader. Mot. at 11. Plaintiff contends the '731 Patent is a continuation-in-part of the '330 and '950 Patents, both of which have earlier filing dates than the Acculoader's sale and market, and that it has adequately pled as much. Opp'n at 7.

5

Different claims within a continuation-in-part application can be entitled to different priority dates. *Waldemar*, 32 F.3d at 558. If a claim relates to any matter the CIP application introduced for the first time, then the CIP application filing date applies. *Id.* However, matter disclosed in the first-filed application in a chain of later filed applications that incorporate prior matter, with the first-filed dubbed the "parent" application, confers the benefit of the parent application's filing date on the continuation application. *Id.*; 35 U.S.C. § 120 (setting out statutory provisions regarding benefits associated with an earlier filing date when a subsequent application meets certain conditions).

For a claim in a later-filed application to benefit from the filing date of an earlier application under 35 U.S.C. § 120, the earlier application must comply with the written description requirement of 35 U.S.C. § 112. *See Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1571 (Fed. Cir. 1997). To meet this requirement, the disclosures in the earlier applications, here the '330 and '950 Patents, must reasonably convey to one skilled in the art that the inventor, here the plaintiff, possessed the later-claimed subject matter, here claims 1, 4, 5 and 7 of the '731 Patent, at the time the parent applications were filed. *Id.* at 1572. "[A] prior application itself must describe an invention, and do so in sufficient detail that one skilled in the art can clearly conclude that the inventor invented the claimed invention as of the filing date sought." *Id.*

"The [written description] requirement operates as a timing mechanism to ensure fair play in the presentation of claims after the original filing date and to guard against manipulation of that process by the patent applicant." *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1306 (Fed. Cir. 2008) (citing Janice M. Mueller,[2] *Patent Misuse Through the Capture of Industry Standards*, 17 Berkeley Tech. L.J. 623, 638 (2002)).

In the amended complaint, plaintiff alleges the '731 Patent describes a system for packing transport containers with materials such as scrap metal. FAC ¶ 18. To support its claim for infringement, plaintiff alleges the Acculoader, much like the system covered by the '731

---

[2] No relation to the undersigned.

6

Patent, is used to load scrap metal into transport containers. *Id.* ¶ 24. Plaintiff further alleges the Acculoader comes within the scope of at least one of the '731 Patent's claims. *Id.* ¶ 30.

To support its assertion of infringement, plaintiff alleges claims 1, 4, 5 and 7 of the '731 Patent were disclosed in its prior '330 and '950 Patents. *Id.* ¶ 22. Accordingly, plaintiff alleges the "effective filing date" of the '731 Patent was June 13, 2008, the day the '330 Patent application was filed. *Id.* Defendants first sold the Acculoader, on the other hand, in August 2011. *Id.* ¶ 25. Plaintiff alleges defendants have infringed its '731 Patent because plaintiff had not licensed or authorized defendants to use a product or employ a system within the scope of the '731 Patent. *Id.* ¶ 23. Plaintiff's allegations further detail how the '731 Patent complies with the written description of the '330 and '950 Patents, and how defendants' product infringes on claims in the '731 Patent. *Id.* ¶¶ 23–25.

Plaintiff's allegations, taken as true, put defendants on notice of the nature of plaintiff's infringement claim. *See Avago Techs. Gen. IP (Sing) PTE Ltd.*, 2016 U.S. Dist. LEXIS 55655 at *13; *Bender v. LG Elec.*, No. 09–02114, 2010 WL 889541, at *6; *cf. Avocet Sports Tech., Inc. v. Garmin Int'l., Inc.*, 2012 U.S. Dist. LEXIS 51650 (N.D. Cal. Mar. 22, 2012) (granting motion to dismiss where plaintiff failed to identify any of defendant's products that allegedly infringed on the plaintiff's patent). Fundamentally, the allegations state a cognizable claim.

Defendants' motion to dismiss is DENIED.

B. SUMMARY JUDGMENT

1. Legal Standards

As with a motion to dismiss, a motion for summary judgment is governed by the law of the regional circuit. *Charles Mach. Works, Inc. v. Vermeer Mfg. Co.*, 723 F.3d 1376, 1378 (Fed. Cir. 2013) ("We review a grant of summary judgment under the law of the regional circuit."). In this circuit, a motion for summary judgment should be granted where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)). The purpose of summary judgment "is to isolate and dispose of

factually unsupported claims or defenses." *Celotex v. Catrett*, 477 U.S. 317, 323–24 (1986). The moving party has the initial burden of informing the Court of the basis for the motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions or affidavits which demonstrate the absence of a triable issue of material fact. *Id.* at 323.

If the moving party meets its initial burden, the burden shifts to the non-moving party to present facts showing a genuine issue of material fact for trial. Fed. R. Civ. P. 56; *Celotex*, 477 U.S. at 324. The Court must view the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in its favor. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). Summary judgment is not appropriate if the nonmoving party presents evidence from which a reasonable jury could resolve the disputed issue of material fact in the nonmovant's favor. *Anderson*, 477 U.S. at 248. Nonetheless, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

In patent cases, infringement is a question of fact. *Frank's Casing Crew & Rental Tools, Inc. v. Weatherford Int'l, Inc.*, 389 F.3d 1370, 1376 (Fed. Cir. 2004). To survive summary judgment, the patent holder has the burden to prove that each accused product "includes every limitation of [an asserted] claim." *Dolly, Inc. v. Spalding & Evenflo Cos.*, 16 F.3d 394, 397 (Fed. Cir. 1994). A court can resolve the issue on summary judgment only if "no reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused device." *Frank's Casing Crew*, 389 F.3d at 1376; *see TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1371 (Fed. Cir. 2002) ("[A]ll of the elements of the claim, as correctly construed, must be present in the accused system."). "Any deviation from the claim precludes" a finding of literal infringement. *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001).

2. <u>Discussion</u>

Defendants contend summary judgment should be granted because plaintiff cannot establish infringement, as a matter of law. Mot. at 20. Specifically, defendants contend because

the priority date for the '731 Patent is November 22, 2011, and because defendants' Acculoader was marketed before this priority date, plaintiff's claim for patent infringement is unavailing. *Id.* Plaintiff claims because its '731 Patent is entitled to a priority date of June 13, 2008, defendants' Acculoader, which was marketed after that date, infringed on plaintiff's patent. Opp'n at 20. As discussed below, because genuine disputes of material fact exist, and because the scope and meaning of one or more claims in the '731 Patent are not clear, summary judgment will be denied.

          a)        <u>Evidentiary Objections</u>

The parties have filed a raft of objections to each other's evidence. *See* ECF No. 58-2 (plaintiff's evidentiary objections); ECF No. 64 (defendants' evidentiary objections). The court here addresses only those objections relevant to resolution of summary judgment, namely those attacking the declarations of (1) U.C. Berkeley Mechanical Engineering Professor Paul Wright, Wright Decl., ECF No. 51, (2) X-Body Equipment President Greg Bushong, Bushong Decl., ECF No. 56, (3) President of Alpine Engineering and Design, Inc. Fred Smith, Smith Decl., ECF No. 58-5, and (4) patent attorney Greg Sheldon, Sheldon Decl., ECF No. 58-4.

To the extent a party objects to an expert's opinion, those objections are overruled without prejudice subject to renewal at a claim construction hearing or on a renewed motion for summary judgment. To the extent a party makes relevancy objections, those objections are overruled as redundant. *See Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006) ("A court can award summary judgment only when there is no genuine dispute of material fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant.").

Plaintiff objects to Professor Wright's declaration, contending in essence that Wright is over-qualified to say what a person ordinarily skilled in the art would understand, that he himself admits his testimony would not be helpful to a trier of fact, and that his proposed claim construction lacks foundation. ECF No. 58-2 at 48–60. Professor Wright has worked and taught in the field of mechanical engineering and design for approximately forty years. Wright Decl. at 2; ECF No. 51-1 (curriculum vitae). His declaration spells out and illustrates in some detail his opinions and identifies what documents he reviewed to reach those opinions. *See* Wright Decl. at

3–16.  His experience provides sufficient foundation to render an opinion regarding information comprehensible to someone skilled in the art and claim construction as applicable to the invention in this case.  To the extent Wright's statements verge on legal conclusions, the court disregards those statements.  Plaintiff's characterization of Wright's saying his opinion is in actuality unnecessary as a fatal concession unfairly distorts his statements, taking them out of context.  Its objections to his declaration are overruled.

Plaintiff also objects to Bushong's declaration, contending his testimony lacks foundation as to the development of the Acculoader's design.  ECF No. 58-2 at 37–46.  In particular, plaintiff contends Bushong's testimony that Acculoader units were designed in 2009 and sold before November 2010 is not "adequately corroborated." *Id.* at 38.  Bushong, as X-Body Equipment's president, makes statements within his knowledge as a corporate executive.  He attaches to his declaration and explains exhibits created by X-Body Equipment.  *See* ECF Nos. 56-1, 56-2, 56-3, 56-4, 56-5.  To the extent Bushong makes statements that assume a legal conclusion as to priority date, the court disregards any such assumption.  In essence, however, plaintiff's objection challenges the evidence's weight rather than its admissibility; the objection is overruled.  *See United States v. Catabran*, 836 F.2d 453, 458 (9th Cir. 1988) (district court did not abuse its discretion in admitting evidence where plaintiff challenged the weight and not the admissibility of such evidence).

Defendants object to the Smith declaration and request that the court strike the declaration in its entirety.  They contend, in a series of mostly boilerplate objections and without explanation, that Mr. Smith's experience does not allow him to render reliable opinions in this case, and that his testimony fails on authentication and foundation grounds.  ECF No. 64 at 24-86. Mr. Smith is a consulting engineer with approximately thirty-seven years' experience, including in product design, and multiple patents in his name.  ECF No. 58-5 at 17.  In his declaration, he spells out in comprehensible detail his opinions and the bases therefore. *Id.* at 1-15.  Defendants' challenge to Mr. Smith is most appropriately mounted through voir dire prior to his testifying in a *Markman* proceeding.  The objections are overruled and the motion to strike is denied.

Defendants' objections to the Sheldon declaration assert that he is an improper expert witness and that his testimony improperly introduces legal conclusions. ECF No. 64 at 12-24. Mr. Sheldon is a practicing patent attorney but has also engaged in activities beyond his practice, including authoring a treatise on writing patent applications published by the Practicing Law Institute and teaching classes on preparing patent applications, also for the Institute. ECF No. 58-4 at 2. To the extent Sheldon describes patent drafting strategies and preferred practices with respect to the use of terms in a patent, his testimony appears sufficiently supported and reliable. To the extent Sheldon draws legal conclusions, the court disregards any such conclusions. The objections to his declaration are overruled.

      b)  <u>Disputed Issues of Fact Preclude Summary Judgment</u>

Here, genuine disputes of material fact regarding the '731 Patent's priority date preclude summary judgment.

To support their assertion that the '731 Patent's priority date is November 22, 2011, defendants request the court look not only to the face of the '731 Patent, which discloses the phrase "structural rails" in claims 1, 4, 5 and 7, but also to the declaration of U.C. Berkeley Mechanical Engineering Professor Paul Wright, who interprets the '731 Patent while comparing it with the '330 and '950 Patents. *See* Mot. at 9–10, 19; Wright Decl. In his declaration, Professor Wright explains the '731 Patent incorporates the term "structural rails," which was not disclosed in the '950 and '330 Patents. *See* Wright Decl. ¶ 31 ("There can be no dispute—'structural rails' were included for the very first time in the new matter of the '731 patent"); *id.* ¶ 29 ("[T]he structural rails [in the '731 Patent] are new and different."). Accordingly, because Wright says the '731 Patent presents new matter purportedly not disclosed in either the '950 and '330 Patents, defendants contend the proper priority date cannot be June 13, 2008, the filing date for the '330 Patent, but must be November 22, 2011, the filing date for the '731 Patent. Mot. at 20–21. Following defendants' logic, because the Acculoader was marketed or sold "well over a year" before November 2011, defendants argue no infringement could have taken place. *Id.* at 20 (citing Bushong Decl. ¶ 2 (explaining Acculoader units were sold prior to November 2010)).

| | |
|---|---|
| 1 | In opposition to summary judgment, plaintiff submits declarations of Fred Smith, |
| 2 | the president of Alpine Engineering and Design with thirty years' experience in mechanical |
| 3 | engineering and product development, and Jeffrey G. Sheldon, a patent attorney with over forty |
| 4 | years' experience.  Smith Decl.; Sheldon Decl.  Both Smith and Sheldon explain that in their |
| 5 | views the words "structural rails" in claims 1, 4, 5 and 7 of the '731 Patent were adequately |
| 6 | disclosed in the '330 and '950 Patents such that the 'claims at issue in the '731 Patent would be |
| 7 | entitled to a priority date of June 13, 2008, the filing date of the '330 Patent.  Opp'n at 8; Smith |
| 8 | Decl. ¶ 32 ("[F]rom the claim language of the '330 Patent, a person of ordinary skill in the art |
| 9 | can conclude that the guide rails of the '330 patent are the structural rails of the '731 Patent."); *id.* |
| 10 | ¶ 34 ("[A] person of ordinary skill in the art would conclude that tracks 49 [in the '330 Patent] are |
| 11 | . . . the same as the structural rails claimed in the '731 Patent."); Sheldon Decl. ¶ 14 ("'structural |
| 12 | rail' is not inconsistent with the same element being called a 'track' or a 'guide rail' in the '330 or |
| 13 | '950 Patent specifications").  The battle of the parties' experts fundamentally is a factual dispute |
| 14 | that is best left to the factfinder to decide. |
| 15 | Because a material dispute of fact exists, the court DENIES defendants' motion for |
| 16 | summary judgment.  *See Anderson*, 477 U.S. at 255 (taking care to note district courts should act |
| 17 | "with caution in granting summary judgment," and have authority to "deny summary judgment in |
| 18 | a case where there is reason to believe the better course would be to proceed to a full trial"); *see* |
| 19 | *also Abbott Labs. v. TorPharm*, Inc., 300 F.3d 1367, 1378 (Fed. Cir. 2002) (affirming denial of |
| 20 | summary judgment where there are factual questions of infringement that a finder of fact must |
| 21 | resolve). |
| 22 | c)    <u>Claim Construction Needed</u> |
| 23 | A further issue precludes summary judgment: the proper construction of the claim |
| 24 | term "structural rails."  An infringement analysis entails two steps.  The first step is determining |
| 25 | the meaning and scope of the patent claims asserted to be infringed.  *Markman v. Westview* |
| 26 | *Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995).  The second step is comparing the properly |
| 27 | construed claims to the device accused of infringing.  *Id.* |
| 28 | |

While defendants contend the term "structural," as employed in the '731 Patent, is unrelated to "guiding," Mot. at 18, plaintiff contends the term means "a structure . . . capable of guiding" other portions of the '731 Patents' container packer system. *See* Smith Decl. ¶ 19, *see also* Smith Decl. ¶ 28 ("[A] person of ordinary skill in the art would construe the structural rails as structures located on the sidewalls of the container packer and oriented in a horizontal direction to guide the push blade in a longitudinal or fore-and-aft movement.").

Because there is a genuine dispute of material fact regarding the proper scope and meaning of the term "structural rails," a *Markman* hearing must be held before a motion for summary judgment is ripe. *Markman*, 52 F.3d at 970; *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, __ U.S. __, 135 S. Ct. 831, 838 (2015) (claim construction is a question of law that may need to involve resolving "subsidiary factual disputes" before determining the scope of a patent holder's rights).

Summary judgment is DENIED.

III. SANCTIONS

Defendants also request sanctions, contending plaintiff's suit is "wasting the time of the parties and the Court when any reasonable person can see that the asserted '731 patent claims" provide disclosures not available in the '330 and '950 Patents. Mot. at 21. For the reasons provided above for denial of defendants' motions to dismiss and for summary judgment, any motion for sanctions is premature at least.

IV. CONCLUSION

The court DENIES defendants' motion to dismiss, with an answer now due within fourteen (14) days of this order. The court also DENIES defendants' motions for summary judgment and sanctions. A status conference to schedule the remainder of this case, including a claim construction hearing, shall take place on November 17, 2017, beginning at the end of the court's regular civil law and motion calendar, with joint statements due November 3, 2017. Depending on the content of the parties' joint statement the court may adjust the date and time of the claim construction hearing to accommodate the total time needed.

/////

This resolves ECF Nos. 47 and 54.

IT IS SO ORDERED.

DATED: September 12, 2017.

_____
UNITED STATES DISTRICT JUDGE