UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED STEEL RECOVERY, LLC,<br><br>Plaintiff/Counter-defendant,<br><br>v.<br><br>X-BODY EQUIPMENT, INC., JEWELL ATTACHMENTS, LLC, J.D.M.L., INC. dba STANDARD INDUSTRIES, and ALLSTATE PAPER & METAL RECYCLING CO., INC.,<br><br>Defendants/Counterclaimants. | No. 2:16-cv-00148-KJM-EFB<br><br><br><br>ORDER |

Counsel Lauren Keller Katzenellenbogen and Arthur S. Rose, of the law firm Knobbe, Martens, Olson & Bear, LLP, renew their motion to withdraw as counsel of record for defendant Allstate Paper & Metal Recycling Co., Inc. Mot., ECF No. 80. Counsel first moved to withdraw on April 19, 2017, ECF No. 67, but the court denied the motion without prejudice due to concerns regarding the thoroughness of counsel's efforts to notify Allstate of the intended withdrawal and because withdrawal would leave Allstate, a corporate party, without counsel, in contravention of Local Rule 183(a), ECF No. 72, at 2–4.

Counsel have since addressed the court's concerns and now renew their motion to withdraw. Mot. The motion is unopposed by all parties, including Allstate itself. *Id.* at 2, 4. As explained below, the motion is GRANTED.

I. LEGAL STANDARD

If withdrawal would leave a client without counsel, Local Rule 182(d) requires the withdrawing party to seek leave of court, file a formal motion and provide notice of the withdrawal to the client and all other parties who have appeared. The attorney must also provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. E.D. Cal. L.R. 182(d). Withdrawal must also comply with the Rules of Professional Conduct of the State Bar of California. *Id.* Rule of Professional Conduct Rule 1.16(d) requires an attorney to "take[] reasonable[] steps to avoid reasonably[] foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and complying with paragraph (e)." Cal. R. Prof. Conduct Rule 1.16(d). The Rules permit withdrawal if the client "breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable[] warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation," as well as when "the client knowingly[] and freely assents to termination of the representation." *Id.* 1.16(b)(5)–(6).

Whether to grant a motion to withdraw is within the court's discretion. *Liang v. Cal-Bay Int'l, Inc.*, No. 06CV1082-WMC, 2007 WL 3144099, at *1 (S.D. Cal. Oct. 24, 2007) (citing *LeGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998)). Courts consider several factors when evaluating a motion to withdraw, including the reasons for withdrawal, possible prejudice to the client and other litigants, harm to the administration of justice and possible delay. *Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010) (citation omitted).

II. DISCUSSION

Here, counsel have established good cause for withdrawal and have complied with the applicable local rules, the rules of professional conduct and addressed the concerns previously

1 | expressed by the court.  Principally, counsel seek to withdraw because Allstate is unable to meet
2 | its financial obligations: "Allstate Paper still has not paid any portion of its long overdue balance,
3 | is in bankruptcy proceedings, and has been notified of Knobbe's seeking to withdraw as counsel
4 | of record in this action[.]"  Mot. at 1; *see also* Lin Decl., ECF No. 80-2, ¶¶ 4–5 ("Allstate Paper
5 | has ceased operations and is no longer an active business [and] . . . has a significant past-due
6 | balance and is not in a position to pay Knobbe to represent it going forward in this action.").

It is well established that failure to pay attorney's fees provides grounds for withdrawal.  *Milliner v. Bock Evans Fin. Counsel, Ltd.*, No. 15-CV-01763-TEH, 2016 WL 409799, at *1 (N.D. Cal. Feb. 3, 2016) ("[F]ailure to pay attorneys' fees constitutes good cause for withdrawal under Rule [1.16(b)(5)]."). And when a party willingly consents to withdrawal, all the more reason exists to permit withdrawal. *See Austin Inv. Fund, LLC v. United States*, No. SACV 11-750 DOC (ANx), 2011 WL 4947550, at *2 (C.D. Cal. Oct. 17, 2011) (listing party's non-objection to counsel's motion to withdraw as one of numerous reasons to grant withdrawal); *see also* Lin Decl. ¶ 8 ("Allstate Paper hereby knowingly and freely assents and consents to the termination of the employment of Knobbe's motion to withdraw as counsel for Allstate Paper . . . ."). Moreover, although corporate parties may not appear before the court without counsel, E.D. Cal. L.R. 183(a), "federal courts routinely include, in orders granting motions to withdraw, a directive that corporate parties file a substitution of counsel by a date certain or face default," *Milliner*, 2016 WL 409799, at *2 (citing *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993)). For these reasons, and because as explained below Allstate acknowledges its need to locate new counsel, its current counsel has provided ample justification to permit withdrawal.

The court is also satisfied that counsel's withdrawal complies with California Rule of Professional Conduct 1.16(d), which requires the withdrawing attorney to "take[] reasonable[] steps to avoid reasonably[] foreseeable prejudice to the rights of the client . . . ." In addressing the court's concerns regarding the thoroughness of counsel's notification efforts, counsel contacted Vincent Y. Lin, the personal bankruptcy attorney for the Chief Executive Officer of Allstate, James P.Y. Lin, and through attorney Vincent Y. Lin, fully informed Allstate

of the issues raised in the court's prior order that may arise as a result of the withdrawal. Mot. at 2. Counsel also obtained a signed declaration from James P.Y. Lin acknowledging the company has been notified of counsel's intent to withdraw, the circumstances and timing affecting when the stay of this action against Allstate[1] may be lifted, the requirements of Local Rule 183(a) and Allstate's risk of default should it fail to secure substitute counsel. *Id.* (citing Lin Decl. ¶¶ 6–8). Additionally, counsel obtained CEO Lin's knowing consent to their withdrawal. *Id.* (citing Lin Decl. ¶ 10). These efforts satisfy the court's notification concerns and satisfy California Rule of Professional Conduct 1.16(d).

Additionally, withdrawal will not prejudice the remaining parties or delay proceedings. Counsel have notified the remaining parties of their intent to withdraw, "and the other litigants have all indicated that they will not oppose Knobbe's motion." Mot. at 4 (citing Rose Decl., ECF No. 69, ¶ 7). Moreover, the parties acknowledge withdrawal will not cause them prejudice because the case "is stayed against Allstate Paper pending resolution of the action against X-Body and Jewell . . . ." *Id.*; *see also id.* at 5 ("[T]his case will likely remain stayed as to Allstate Paper for at least another year [as of the motion's November 9, 2017 filing date], and Knobbe's withdrawal will have no effect on the schedule for the case against X-Body and Jewell.").

Finally, counsel have satisfied Local Rule 182(d) by providing Allstate's most current address. Lin Decl. ¶ 9.

III. <u>CONCLUSION</u>

For each of these reasons, the motion by Lauren Keller Katzenellenbogen and Arthur S. Rose, of the law firm Knobbe, Martens, Olson & Bear, LLP, to withdraw as counsel of record for defendant Allstate Paper & Metal Recycling Co., Inc. is GRANTED. The law firm of Knobbe, Martens, Olson & Bear, LLP is immediately withdrawn as counsel of record. The Clerk

---

[1] On March 30, 2016, the court severed and stayed the action against Allstate pending resolution of the patent infringement claim by Advanced Steel Recovery, LLC against X-Body Equipment, Inc. and Jewell Attachments, LLC. *See* ECF No. 23. The stay of the action against Allstate remains in effect.

4

of Court is directed to temporarily designate Allstate as proceeding without counsel and list Allstate CEO James P.Y. Lin, at 8889 Etiwanda Ave, Etiwanda, California 91739, as the individual designated to receive all case-related filings. Allstate is granted 30 days to file a substitution of counsel. If Allstate has not filed a substitution of counsel within 30 days, then it will be subject to further orders of the court, including a possible order to show cause or a notice of the potential for default proceedings upon the lifting of the stay.

IT IS SO ORDERED.

DATED: October 8, 2019.

_____
UNITED STATES DISTRICT JUDGE