1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ADVANCED STEEL RECOVERY, LLC,                No.  2: 16-cv-00148-KJM-JDP

12                 Plaintiff/Counter-defendant,

13        v.                                      ORDER

14   X-BODY EQUIPMENT, INC., JEWELL
     ATTACHMENTS, LLC, J.D.M.L., INC. dba
15   STANDARD INDUSTRIES, and ALLSTATE
     PAPER & METAL RECYCLING CO., INC.,
16
                  Defendants/Counterclaimants.
17

18

19          Plaintiff Advanced Steel Recovery (ASR) sues defendants X-Body Equipment,

20   Inc. (X-Body) and Jewell Attachments, LLC (Jewell)[1] alleging defendants' "Acculoader" product

21   infringes ASR's patent.  X-Body and Jewell filed an amended answer and counterclaims

22   ("FACC") on October 17, 2017.  FACC, ECF No. 76.  ASR filed a motion to dismiss

23   counterclaims four through eleven, or in the alternative for a more definite statement or to strike.

24   Mot., ECF No. 85-1. The court submitted the motion without hearing.  Having read the moving

25   /////

26   _____

27         [1] ASR also sues Standard Industries and Allstate Paper & Metal Recycling Co., but these
     parties have been independently severed from the present case, and proceedings have been stayed
28   with respect to Standard and Allstate pending the outcome of the infringement claims and
     counterclaims in the action.  ECF No. 23.

                                          1

papers and reviewed the record and the applicable law, the court now GRANTS the motion in part and DENIES the motion in part.

I.      BACKGROUND

The court has summarized a portion of the relevant background in this case elsewhere and incorporates that summary by reference.  *See* Order on *Marksman* Hearing, ECF No. 101, at 2–4.  In brief, this is a patent case; the counterclaims asserted here relate largely to a prior patent case.  The inventions in both the patent-in-suit and the prior patents at issue are mechanical means of compacting scrap metal and refuse into shipping containers.

The history of prior patent litigation between the parties also is relevant here.  ASR previously litigated a patent infringement claim against X-Body in this district.  *Adv. Steel Recovery, LLC v. X-Body Equip., Inc.*, No. 2:12-cv-01004-GEB-DAD (E.D. Cal. filed Apr. 16, 2012) (the "Prior Litigation").  In that case, the presiding District Judge entered summary judgment against ASR, finding X-Body had not infringed United States Patent Nos. 8,061,950 ("the '950 patent") and 7,744,330 ("the '330 patent") held by ASR.  *Adv. Steel Recovery v. X-Body Equip., Inc.*¸ 2014 WL 3939356, at *7 (E.D. Cal. Aug. 11, 2014).  The District Judge also denied X-Body's motion for attorney's fees under 35 U.S.C. § 285, finding X-Body had not demonstrated the case was exceptional under the standard set forth in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  Order on Mot. for Att'y Fees, Prior Litigation, ECF No. 95.

II.     LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief,"  Fed R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a

2

1    claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

2    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something

3    more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and

4    conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id*. (quoting

5    *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss

6    for failure to state a claim is a "context-specific task that requires the reviewing court to draw on

7    its judicial experience and common sense." *Id*. at 679.  Ultimately, the inquiry focuses on the

8    interplay between the factual allegations of the complaint and the dispositive issues of law in the

9    action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

10         In making this context-specific evaluation, this court must construe the complaint

11   in the light most favorable to the plaintiff and accept as true the factual allegations of the

12   complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  This rule does not apply to "'a legal

13   conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) *quoted*

14   *in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to

15   judicial notice" or to material attached to or incorporated by reference into the complaint.

16   *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988-89 (9th Cir. 2001).  A court's

17   consideration of documents attached to a complaint or incorporated by reference or matter of

18   judicial notice will not convert a motion to dismiss into a motion for summary judgment.  *United*

19   *States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d

20   1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc*., 284 F.3d 977,

21   980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to

22   dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

23   III.   <u>DISCUSSION</u>

24         ASR contends  the  counterclaims are deficient in three primary respects: (1) They

25   are barred by the California litigation privilege, (2) counterclaimants are collaterally estopped by

26   the prior District Judge's order on the fee motion in the Prior Litigation, and (3) the counterclaims

27   are so indefinite as to not provide adequate notice of the nature of the counterclaims being

28   asserted under either Rule 9(b) or Rule 8.  The court addresses each argument in turn.  Because

1   the court largely grants the motion to dismiss with leave to amend, it does not address the motion

2   to strike or motion for a more definite statement except where necessary.

3           A.   California Litigation Privilege

4           The California litigation privilege, codified in California Civil Code section

5   47(b)(2), does not apply to federal causes of action.  *Oei v. N. Star Capital Acquisitions, LLC*, 486

6   F. Supp. 2d 1089, 1098 (C.D. Cal. 2006) (collecting cases) ("It is well settled that the Supremacy

7   Clause of the United States Constitution grants Congress the power to preempt state and local

8   laws. As a result, it is equally well settled that the California litigation privilege does not apply to

9   federal causes of action[.]").  Thus, the California litigation privilege does not apply to

10  counterclaims nine and eleven, for violations of the Lanham Act and the Sherman Act,

11  respectively.

12          With regard to state law claims, the privilege applies to a communication

13  "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants

14  authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection

15  or logical relation to the action."  *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990) (collecting

16  cases).  The California Supreme Court has held repeatedly that "the policy of encouraging free

17  access to the courts was so important as to require application of the privilege to torts [beyond]

18  defamation."  *Id.* at 215.  The litigation privilege is absolute, applying "to *all* publications,

19  irrespective of their maliciousness."  *Silberg*, 50 Cal. 3d at 216 (emphasis in original); *see also*

20  *Oei*, 486 F. Supp. 2d at 1100 (citing cases in which threats and coercive communications were

21  privileged when made in connection with litigation).  The privilege covers prelitigation

22  communications relating to proceedings actually contemplated in good faith and under serious

23  consideration.  *Action Apartment Assn., Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1251

24  (2007).

25          Here, the FACC does not identify with specificity the customers with whom ASR

26  allegedly communicated, with the exception of All State Paper & Metal Recycling and Standard

27  Industries.  *See* FACC ¶ 51.  Nor does it show whether those customers to whom ASR allegedly

28  asserted X-Body's infringement played any role in the Prior Litigation or were threatened with

litigation themselves.  Thus, as pled the FACC makes it impossible to decipher whether these communications were "in furtherance" of litigation.  Under Rule 12(b)(6), dismissal is not appropriate where the applicability of an affirmative defense is not shown on the face of the complaint.  *E.&J. Gallo Winery v. Andina Licores S.A.*, No. CV F 05-0101 AWI LJO, 2006 WL 1817097, at *4 (E.D. Cal. June 30, 2006) (citing *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001)).  The privilege might apply here, but because it is not clear on the face of the complaint, the court will not dismiss the state law claims on these grounds.

> B.  <u>Collateral Estoppel</u>

ASR argues that counterclaimants are collaterally estopped from bringing various claims based on the frivolity of the Prior Litigation as determined in the previously-assigned judge's denial of attorneys' fees in that litigation.  Mot. at 7.

When "an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."  *Montana v. United States*, 440 U.S. 147, 153 (1979) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979)).  Collateral estoppel applies when four conditions are met: (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits.  *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012).[2]

Here, ASR must meet a high burden to show the prior district judge determined the Prior Litigation was supported by a lack of probable cause, as they argue he did so decide impliedly.  "When the issue for which preclusion is sought is the *only* rational one the factfinder could have found, then that issue is considered foreclosed, even if no explicit finding of that issue has been made."  *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992) (emphasis

---

[2] The court's order on claim construction cited *Neev v. Alcon Labs., Inc.*, No. SACV 15–00336 JVS(JCGx), 2016 WL 9051170, at *12 (C.D. Cal. Dec. 22, 2016).  Claim Construction Order at 12–13, ECF No. 101.  Defendants have moved separately to reconsider the application of the test for collateral estoppel articulated in *Neev*.  Mot. Recons., ECF No. 106.  While the court believes *Neev* is consistent with *Oyeniran*, defendants disagree.  In a separate order, the court is denying reconsideration for failure to raise the argument in the first instance.

1    added); *see also Stoehr v. Mohamed*, 244 F.3d 206, 208 (1st Cir. 2001) ("An issue may be

2    actually decided even if it is not explicitly decided, for it may have constituted, logically or

3    practically, a necessary component of the decision reached in the prior litigation." (citation and

4    internal quotation marks omitted)).  A party asserting collateral estoppel "bears the burden of

5    showing with clarity and certainty what was determined by the prior judgment."  *Clark*, 966 F.2d

6    at 1321 (citing *United States v. Lasky*, 600 F.2d 765, 769 (9th Cir. 1979)).

7         Counterclaimants' motion for fees in the prior litigation argued that ASR's claims

8    were "exceptionally meritless" and that ASR "litigated the case in an unreasonable manner."

9    Req. for Judicial Notice ("RJN"), Ex. 2, (Prior Mot. for Att'y Fees), ECF No. 85-3.[3]  Judge

10   Burrell's order on attorney's fees in the Prior Litigation quotes the standard for an exceptional

11   case warranting an award of fees set forth by the Supreme Court:

12       An 'exceptional' case is simply one that stands out from others with
         respect to the substantive strength of a party's litigating positions
13       (considering both the governing law and the facts of the case) or the
         unreasonable manner in which the case was litigated. District courts
14       may determine whether a case is 'exceptional' in the case-by-case
         exercise of their discretion, considering the totality of the
15       circumstances. As in the comparable context of the Copyright Act,
         there is no precise rule or formula for making these determinations,
16       but instead equitable discretion should be exercised in light of the
         considerations we have identified.
17

18   RJN, Ex. 1 (Prior Order on Att'y Fees, quoting *Octane Fitness, LLC v. ICON Health & Fitness,*

19   *Inc.*, 572 U.S. 545, 554 (2014) (quotation marks, internal citations omitted)).  The remainder of

20   the order states only that the standard was not met and denies the motion for fees.  Prior Order on

21   Att'y Fees.  The order makes no findings on specific issues.

22        A finding of both subjective bad faith and objective baselessness is not required to

23   reach a determination that a case is "exceptional" within the meaning of the statute.  *Octane*

24   *Fitness*, 572 U.S. at 555.  A case presenting either subjective bad faith or exceptionally meritless

25   /////

26

27   [3] The court grants the request for judicial notice of court documents. *See Reyn's Pasta Bella, LLC
     v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of court
28   filings and similar matters of public record).

1  claims may, in light of all attendant circumstances, sufficiently set itself apart from mine-run

2  cases to warrant a fee award.  *Id.*

3  Although many of the issues raised in the instant counterclaims are common to

4  those in the fee motion, it is not logically necessary to construe the other District Judge's order as

5  a ruling on those particular issues.  Certainly such an inference is not the only rational inference.

6  As discussed above, the test for finding identity of issue by implication is "when the issue for

7  which preclusion is sought is the only rational one the factfinder could have found."  *Clark*, 966

8  F.2d at 1321.  The *Octane Fitness* standard requires the trial court to consider the totality of the

9  circumstances and exercise its equitable discretion.  *Octane Fitness*, 572 U.S. at 554.  The other

10 District Judge conceivably could have found the prior case both substantively weak, and even

11 objectively baseless, as well as unreasonably litigated, yet not extraordinary in the totality of the

12 circumstances.  ASR has not made the requisite showing of "clarity and certainty" of the issues

13 determined in the prior order and thus has not met its burden of demonstrating that the order

14 should be given preclusive effect.

15 C.  Fraud

16 ASR argues the portions of the complaint grounded in fraud do not comply with

17 Rule 9(b)'s heightened pleading requirement. In alleging fraud or mistake, a party must state with

18 particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b).  Claims that do

19 not have fraud as an essential element may nonetheless be "grounded in fraud" or "sound in

20 fraud" when they rely on an allegation of a unified course of fraudulent conduct.  *Vess v. Ciba-*

21 *Geigy Corp. USA*, 317 F.3d 1097, 1104-05 (9th Cir. 2003).  A party's pleading of claims

22 "grounded in fraud" must satisfy the particularity requirement as a whole.  *Id.*  "Averments of

23 fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct

24 charged."  *Id.* at 1106 (citation omitted).

25 Counterclaimants allege ASR and its principal, Nathan Frankel, misrepresented

26 that X-Body and the Acculoader infringed the '330 and/or the '950 patents.  FACC ¶¶ 85, 86, 95,

27 103, 120, 121, 126–128, 133–135, 142.  The First Amended Counterclaim characterizes these

28 misrepresentations as threats to X-Body customers "on information and belief[.]"  *Id.* ¶¶ 85, 86,

120.  Without specifying, the counterclaims refer to "various statements to the press and to the marketplace as well as directly to X-Body's customers," *id.* ¶¶ 95, 103, and instances in which "ASR has communicated with X-Body customers repeatedly since 2012," *id.* ¶¶ 119, 126.  These allegations fail to identify with specificity (1) whether Frankel was the speaker at all such times, (2) when the communications were made, (3) which customers or market actors received these communications, (4) the mode of publication, and (5) the exact substance of what was said.  *Vess¸* 317 F.3d at 1106.  ASR's statements allegedly interfered with X-Body's economic relations (counterclaims four and five), defamed and disparaged X-Body (counterclaims seven and eight), deceived X-Body's consumers (counterclaim nine), constituted a fraudulent business practice (counterclaim ten), and were part of a pattern of anticompetitive behavior (counterclaim eleven).

In *Vess*, the Ninth Circuit instructed district courts how to treat the failure to plead fraud with specificity:

> Where averments of fraud are made in a claim in which fraud is not an element, an inadequate averment of fraud does not mean that no claim has been stated. The proper route is to disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated.

*Vess,* 317 F.3d at 1105 (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)).  Here, inadequate averments of fraud are shot through the complaint and are the conduct on which counterclaims Four, Five and Seven through Eleven rest.  Disregarding the inadequately pled allegations of this conduct, the court finds these counterclaims do not state a claim.

Counterclaimants' Fourth, Fifth, Seventh, Eighth, Ninth, Tenth and Eleventh Counterclaims are DISMISSED with leave to amend to provide adequate notice of the counterclaims and the factual ground on which they are based so ASR can "defend against the charge and not just deny that they have done anything wrong."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks, citation omitted).  Any amendment must comply fully with Federal Rule of Civil Procedure 11.

/////

/////

1          D.  Third Counterclaim: Unenforceability

2                Counterclaimants also allege inequitable conduct that makes the '731 patent

3    unenforceable.  A prima facie case of inequitable conduct requires failure of the patentee to

4    disclose information material to patentability to the patent examiner, and specific intent to

5    deceive or mislead the examiner into granting the patent.  *Hebert v. Lisle Corp.*, 99 F.3d 1109,

6    1115 (Fed. Cir. 1996) (citing *Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867,

7    872 (Fed. Cir. 1988)).  Causes of action for the unenforceability of a patent based on inequitable

8    conduct must be pled with the particularity required by Federal Rule of Civil Procedure 9(b).

9    *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326–27 (Fed. Cir. 2009).

10                The FACC alleges that the listed inventor of the '731 patent, Gregory D. Haub,

11   misrepresented to the U.S. Patent and Trademark Office (USPTO) that he had invented the

12   subject matter of the '731 patent, when he in fact took the pattern from the Acculoader design.

13   FACC ¶ 61.  The FACC pleads the circumstances of this misrepresentation are the patent

14   application for the '731 patent, at the time the patent was applied for, and the speaker is identified

15   as Mr. Haub. Counterclaimants' allegation that Mr. Haub misled the USPTO is sufficiently

16   particular to put defendants on notice and comply with Rule 9(b).

17                ASR asserts the inclusion of irrelevant material in the third count "is generally

18   problematic from a pleading perspective."  Mot. at 11.  ASR cites no authority for the

19   proposition that this irrelevant material causes the claim to fail.  So long as the essential elements

20   of the claim are met, inclusion of irrelevant allegations does not cause the claim to fail.

21   Furthermore, the motion to strike irrelevant material should not be granted as allegations relevant

22   as background to other claims are not wholly irrelevant to the complaint as a whole.  A motion to

23   strike "should not be granted unless it is clear that the matter to be stricken could have no possible

24   bearing on the subject matter of the litigation."  *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159,

25   1170 (E.D. Cal. 2005) (citation omitted).  Thus, the third counterclaim is not subject to dismissal.

26          E.  Sixth Counterclaim: Malicious Prosecution

27                The elements of a prima facie case of malicious prosecution are (1) a judicial

28   proceeding favorably terminated; (2) lack of probable cause; and (3) malice.  *Villa v. Cole*, 4 Cal.

1   App. 4th 1327, 1335 (1992).  Federal patent law preempts state-law tort liability for a

2   patentholder's good faith conduct in communications asserting infringement of its patent and

3   warning about potential litigation.  *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362

4   F.3d 1367, 1374 (Fed. Cir. 2004) (citing *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355

5   (Fed. Cir. 1999)).  To succeed on such a claim, counterclaimants must show the litigation-related

6   communications were made in bad faith.  *Id.* at 1367.  "Bad faith includes separate objective and

7   subjective components."  *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254,

8   1260 (Fed. Cir. 2008) (citing *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897

9   (Fed. Cir. 1998)).

10          Counterclaimants allege ASR initiated the prior litigation that terminated in their

11   favor, FACC ¶¶ 110, 111, without probable cause, *id.* ¶ 112, and for a malicious purpose, *id.*

12   ¶ 113.  They allege ASR's malicious purpose was to obtain market advantage rather than to

13   enforce a valid patent, but they do so on information and belief only, alleging no concrete facts

14   from their own knowledge regarding the intent of ASR or its principals.  This pleading however

15   does not defeat the claim, as malice may be inferred from the conduct of bringing a meritless

16   claim.  *Drum v. Bleau, Fox & Associates*, 107 Cal. App. 4th 1009, 1020 (2003), *overruled on*

17   *other grounds by Rusheen v. Cohen*, 37 Cal. 4th 1048 (2006).

18          The objective and subjective bad faith necessary to overcome federal preemption

19   under *Zenith Elecs. Corp.*, 182 F. 3d 1340, is substantially congruent with the lack of probable

20   cause and malice required to state a claim for malicious prosecution.  The counterclaims set out

21   facts that, taken as true, make a plausible case that the Prior Litigation was initiated in bad faith.

22   Counterclaimants claim ASR never performed any prelitigation investigation of whether the

23   attachment point between the container packer piston-and-cylinder unit and the container packer

24   was met by the doctrine of equivalents.  FACC ¶ 38.  In addition, they allege the difference

25   between the two products was "visible through a cursory inspection of the accused Acculoader

26   product and was not hidden from view."  *Id.* ¶ 37.  They assert ASR's discovery responses in the

27   prior litigation show ASR knew the container packer piston-and-cylinder attachment point

28   limitation was not infringed.  *Id.* ¶ 40.  If true, as the court must assume they are, these factual

10

1  allegations make out a colorable case of bad faith.  The malicious prosecution claim is not

2  preempted for failure to show bad faith.

3         Accordingly, plaintiff's motion to dismiss is DENIED as to the malicious

4  prosecution claim.

5  IV.    CONCLUSION

6         For the foregoing reasons, plaintiff's motion to dismiss  is GRANTED as to

7  counterclaims Four, Five, Seven, Eight, Nine, Ten and Eleven.  Plaintiff's motion to dismiss is

8  DENIED as to counterclaims Three and Six.  This order resolves filing ECF No. 85.  The court

9  grants counterclaimants leave to amend to cure the deficiencies identified in this order, within

10  twenty-one (21) days of the date the order is filed.

11         IT IS SO ORDERED.

12  DATED:  October 13, 2020.

13  _____

14  CHIEF UNITED STATES DISTRICT JUDGE