UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED STEEL RECOVERY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>X-BODY EQUIPMENT, INC.; JEWELL ATTACHMENTS, LLC,<br><br>Defendant. | No. 2:16-cv-00148-KJM-JDP<br><br><br><br>ORDER |

Plaintiff Advanced Steel Recovery (ASR) moves for summary judgment (ECF No. 104), and defendants X-Body Equipment (X-Body) and Jewell Attachments' (Jewell) move for reconsideration of the court's claim construction (ECF No. 106) and reconsideration of the court's denial of their prior motion for summary judgment (ECF No. 105). On January 20, 2020, the court heard argument on the motions. Mark Nielsen and C. Wook Pak appeared for plaintiffs; Robert Harkins appeared for defendants. Having considered the arguments of the parties, the moving papers, and the record before it, the court rules as detailed below.

I.  BACKGROUND

On August 23, 2016, ASR filed its First Amended Complaint, alleging the defendants' "Acculoader" product infringes U.S. Patent No. 9,056,731 ("the '731 Patent"). First Am. Compl. (FAC) ¶ 18, ECF No. 44.

1

1    Gregory Haub and Chris Bartel filed the '731 Patent, titled "Container Packer
2 System and Method" on November 22, 2011.  FAC, Ex. 1 ("'731 Patent"), ECF No. 44-1.  It was
3 assigned to ASR.  *Id.*  The face of the patent describes the '731 Patent as a continuation-in-part
4 (CIP) application following U.S. Patent No. 8,061,950 ("the '950 Patent").  *Id.*  The '950 Patent
5 was filed on June 29, 2010 and was a continuation of U.S. Patent No. 7,744,330 (the '330 Patent).
6 ECF No. 28-1, Ex. 1.  The '950 Patent, based on a continuation application, claimed the effective
7 filing date of the '330 Patent, which was June 13, 2008.  A CIP application, such as the '731
8 Patent, "receives the benefit of the filing date of an earlier application so long as the disclosure in
9 the earlier application meets the requirements of 35 U.S.C. § 112, ¶ 1 [sic], including the written
10 description requirement, with respect to that claim."  *Tech. Licensing Corp. v. Videotek, Inc.*, 545
11 F.3d 1316, 1326 (Fed. Cir. 2008).  For a claim in a later CIP application to satisfy the written
12 description requirement, the parent application must describe the later-claimed invention "in
13 sufficient detail that one skilled in the art can clearly conclude that the inventor invented the
14 claimed invention as of the filing date sought."  *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d
15 1299, 1306 (Fed. Cir. 2008) (quoting *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed.
16 Cir. 1997)).  Here, ASR expressly alleges "claims 1, 4, 5, and 7 of the '731 Patent, and all the
17 limitations contained in each of them, are entitled to an effective filing date of June 13, 2008,
18 which is the filing date of the application for the '330 Patent."  FAC ¶ 22.

19    The parties agree a manual containing specifications for the accused Acculoader
20 product was published between June 13, 2008 and November 22, 2011.  *See* FAC Ex. 2
21 ("Acculoader Manual") at 44, ECF No. 44-1; Pl.'s Mem. P. & A. at 1, ECF No. 104-1.  ASR
22 claims the Acculoader manual constitutes proof of infringement of claims 1, 4, 5 and 7 of the
23 '731 Patent.  Pl. Mem. P. & A at 1.

24    On September 9, 2016, defendants filed the motion for summary judgment
25 underlying their pending motion for reconsideration; in the alternative, they sought dismissal of
26 the complaint with a request for sanctions.  ECF No. 54.  In their motion, defendants argued
27 claims 1, 4, 5 and 7 of the '731 Patent disclosed new matter not present in the '950 Patent.  Defs.'
28 Mem. P. & A. in Supp. Mot. Summ. J., ECF No. 47 at 11–14.  Specifically, they argued the

1  specification for "structural rails" and associated rollers was neither literally nor implicitly
2  present in either the '330 or '950 Patent. *Id.* Therefore, they said, the claims disclosing this
3  material would not be able to claim the effective filing date of the earlier patents and should be
4  assigned the November 22, 2011 filing date of the application for the '731 Patent. *Id.* at 7–8. As
5  a result, they contend the Acculoader manual constitutes evidence of prior art, proving their
6  noninfringement of the '731 Patent, and invalidating it. *Id.* at 15–16, Defs.' Mem. P. & A. in
7  Supp. Reconsideration of Summ. J. at 14–15.

8        The court denied defendants' motion, holding there remained a material dispute of
9  fact about whether a person of ordinary skill in the art would find the term "structural rails" in the
10 '731 Patent were disclosed in different terms as either "tracks" or "guide rails" in the '330 Patent.
11 Order Den. Summ. J., ECF No. 73 at 11–12. The court also found the motion for summary
12 judgment was not ripe absent a *Markman*[1] hearing to interpret the meaning of the term "structural
13 rails." *Id.* at 12–13.

14       The parties briefed the claim construction issue extensively. On February 1, 2018,
15 the court held a *Markman* hearing. *Markman* Hr'g Min., ECF No. 99. On July 19, 2019, the
16 court issued its order on claim construction. Claim Construction Order, ECF No. 101. The court
17 held another court had construed the terms "distal end with an opening," "interior," "compacting
18 said bulk material in said transport container" and "retracted position" in an earlier litigation over
19 the '950 Patent and that those constructions were entitled to collateral estoppel. Claim
20 Construction Order at 13–17.

21       The court also adopted defendants' proposed constructions of the term "pair of
22 structural rails each mounted on a respective container packer sidewall interior face," and "pair of
23 rollers each engaging a respective container packer structural rail and configured for guiding said
24 push blade." *Id.* at 25–26. In doing so, the court considered arguments from both parties relating
25 to whether "structural rails," a new term in the '731 Patent, was co-extensive with or subsumed
26 by earlier references to "tracks 49" and "tracks 149" present in the '330 and '950 Patents. *Id.* at
27

---

28 [1] *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384 (1996).

1  23–24.  The court evaluated these arguments in light of the '731 Patent's plain language, the
2  prosecution history of the Patent, and extrinsic evidence in the form of expert testimony from
3  both sides.  *Id.* at 23–26.

4  In particular, the court considered the Declaration of William Jon Maul ("Maul
5  Decl."), ECF No. 50, who stated he had worked for the named inventor of the '731 Patent,
6  Gregory Haub, in the period before the '731 Patent was issued.  Haub Decl. ¶ 3.  He claims he
7  was tasked by Haub with investigating the Acculoader device at the beginning of 2011.  *Id.* ¶ 4.
8  Maul stated he took many photographs of structural rails and rollers present on the Acculoader, a
9  feature not present on ASR's competing STECO Scrapper device at that time.  *Id.* ¶¶ 5–7.  After
10 Maul furnished the photographs of the Acculoader to Haub, the STECO Scrapper design was
11 revised in June 2011 to include "wheels at the top of the packer blade that worked in conjunction
12 with horizontal structural rails that extended into the interior of the container packer."  *Id.* ¶ 7.

13 The court ultimately concluded "[b]ecause the claim language and patent
14 specification distinguishes 'structural rails' from other 'tracks' that guide, and because extrinsic
15 evidence further supports this distinction, the court adopts defendants' proposed constructions for
16 structural rails and rollers."  Claim Construction Order at 26.   Although the court observed that
17 determining the priority date "'is purely a question of law if the facts underlying that
18 determination are undisputed,'" the court found the briefing on the issue insufficient to support
19 resolution in its order.  *Id.* (quoting *Bradford Co. v. Conteyor N. Am., Inc.*, 603 F.3d 1262, 1268
20 (Fed. Cir. 2010)).

21 The motions currently before the court address the priority date.  ASR moves for
22 summary judgment that the effective filing date for claims 1, 4, 5 and 7 of the '731 Patent is that
23 of the parent '330 application, June 13, 2008.  Pl.'s Mot. Summ. J. at 1.  Defendants move for
24 reconsideration of the court's order on their September 9, 2016 motion for summary judgment or
25 to dismiss, and for sanctions in light of the now–completed claim construction, contending the
26 priority date for the '731 Patent is the November 22, 2011 filing date.  Defs.' Mot. Recons. Order
27 Summ. J., ECF No. 105.  They also move for reconsideration of the court's determination that
28 collateral estoppel applied to the court's construction of the terms "distal end with an opening,"

4

"interior," "compacting said bulk material in said transport container" and "retracted position." Defs.' Mot. Recons. Claim Construction Order, ECF No. 106.

II.     MOTIONS FOR RECONSIDERATION

   A. Legal Standard

A party moving for reconsideration of an order must do so under Federal Rule of Civil Procedure 60(b) if the motion is filed more than [twenty-eight] days after the entry of the order from which relief is sought. *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) (discussing distinction between motions for reconsideration under Rules 59 and 60).[2] A district court may reconsider an order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In addition, an interlocutory order such as the denial of a motion for summary judgment that does not finally dispose of all claims "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. Rule 54(b). "As long as a district court has jurisdiction over the case, then it possesses the inherent structural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citation omitted).

/////

/////

---

[2] The Federal Rules of Civil Procedure have been amended to extent the time for bringing a Rule 59(e) motion to alter or amend a judgment from ten to twenty-eight days; motions to alter a judgment after this time are appropriately brought under Rule 60. Fed. R. Civ. P. 59 advisory committee's notes to 2009 amendment.

B. <u>Motion for Reconsideration of Order on Summary Judgment or Dismissal</u>

Defendants request reconsideration of the denial of their motion for summary judgment or in the alternative dismissal, and sanctions. The court's order denied all requested action on two grounds relevant here. First, the court held that the expert declarations submitted by both ASR and defendants about the meaning of the term "structural rails" in the '731 Patent and the allegedly related terms "tracks" and "guide rails" in the '330 Patent made for a genuine dispute of material fact that precluded summary judgment. Order Den. Summ. J. at 12. Second, the court held that the claim term "structural rails" had not been construed at the time of the order precluded summary judgment. *Id.* at 13.

Defendants argue the court's more recent order on claim construction renders the issue now ripe for reconsideration. Furthermore, they argue the court's construction of the "structural rails" term is dispositive. They claim the court's construction of the term "structural rails" as not subsumed or co-extensive with the "tracks" and "guide rails" terms in the '330 Patent means that, as a matter of law, the effective filing date of those claims is the November 22, 2011 date on the face of the '731 Patent. Defs.' Mem. P. & A. Recons. Summ. J., ECF No. 105-1 at 12.

The court's prior statement that "a *Markman* hearing must be held before a motion for summary judgment is ripe," supports reconsideration of the order. The court held the *Markman* hearing; the motion denied for lack of ripeness is now ripe. ASR concedes, "[I]f . . . the Court's previous denial of summary judgment was not because of a fact dispute, but primarily because of the absence of claim construction, then reconsideration may be warranted." Pl.'s Opp'n to Mot. Recons. Summ. J. at 1, ECF No. 113. The court will reconsider summary judgment accordingly. "If so, ASR views Defendants' application for reconsideration as a renewed motion for summary judgment or adjudication on the priority date issue . . . Defendants' renewed motion on the prior is essentially a cross motion to ASR's motion." *Id.* Because the plaintiff's motion for summary judgment and defendants' previously-denied motion for summary judgment address the identical issue of the priority date, the court considers them together as discussed in detail below. As ASR suggests, the court treats them as cross-motions for summary

judgment. As discussed in the summary judgment section below, the court DENIES defendants' motion for summary judgment.

As to reconsideration of the motion to dismiss, the case is now past the stage of mounting new attacks on the pleadings.[3] Defendants' central contention is that ASR cannot plead a plausible case of infringement as a matter of law, given the status of the effective filing date. ASR pled entitlement to the effective filing date of the '330 Patent expressly in the First Amended Complaint. FAC ¶ 22. Insofar as defendants' earlier motion was a motion to dismiss resting on determining the issues in the litigation as a matter of law, the court reconsiders its earlier order but does not change the result. As discussed more fully below, the question of the effective filing date is a question of fact and cannot be dismissed as a matter of law at this stage.

C. Motion for Reconsideration of Order on Claim Construction

Defendants also request reconsideration of the court's determination that collateral estoppel controls the construction of four disputed terms in the '731 Patent. Defs.' Mot. Recons. Claim Construction; Mem. P. & A. Recons. Claim Construction, ECF No. 106-1. They argue the court applied the incorrect standard for collateral estoppel. They also argue had the court applied the correct standard, it would have engaged in its own construction of the terms "distal end with an opening," "interior," "compacting said bulk material in said transport container" and "retracted position," rather than applying the constructions reached by the other district judge in the prior litigation.

Specifically, defendants argue the court misread the law of collateral estoppel in applying the following test: "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the part against whom collateral estoppel is asserted was a party or in privity with a party in the first proceeding." *See* Claim Construction Order at 12–13 (citing *Neev v. Alcon Labs., Inc.*, No. SACV 15–00336 JVS(JCGx), 2016 WL 9051170, at *12 (C.D. Cal. Dec. 22, 2016)). They claim the court failed to consider that "the determination of an issue

---

[3] The court is issuing a separate order on a pending motion to dismiss, ECF No. 85, concurrently with this order.

1    in the prior litigation must have been a critical and necessary part of the judgment in the earlier

2    action." *Clark v. Bear Stearns & Co. Inc.*, 966 F.2d 1318, 1320–21 (9th Cir. 1992) (citing

3    *Greenblatt v. Drexel Burnham Lambert, Inc.*, 763 F.2d 1352, 1360 (11th Cir. 1985)).

4              The briefing is unclear as to whether defendants consider this "critical and

5    necessary part" rule a separate element of the test or a part of one of the elements. *See* Mem. P.

6    & A. Recons. Claim Construction at 5. Defendants note its use in the legal standard for collateral

7    estoppel in several Ninth Circuit cases. Mem. P. & A. Recons. Claim Construction at 4–6 (citing,

8    *inter alia*, *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) ("determination of

9    the issue in the prior litigation must have been a critical and necessary part of the judgment in the

10   earlier action." (internal quotation marks and citation omitted)); *Hydranautics v. Filmtec Corp.*,

11   204 F.3d 880, 885 (9th Cir. 2000); *Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996)). Had the

12   court properly considered the "necessary part of the judgment" rule, defendants argue, it would

13   have reached a different result.

14             "A motion for reconsideration should not be granted, absent highly unusual

15   circumstances, unless the district court is presented with newly discovered evidence, committed

16   clear error, or if there is an intervening change in controlling law." *Marlyn Neutraceuticals, Inc.*

17   *v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and

18   citations omitted). Once a district court determines "the collateral estoppel bar is available, the

19   actual decision to apply the doctrine is left to the district court's discretion." *United States v.*

20   *Geophysical Corp. of Alaska*, 732 F.2d 693, 697 (9th Cir. 1984). Motions for reconsideration

21   may not be used "to raise arguments . . . for the first time when they could reasonably have been

22   raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citing

23   *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). A district court has

24   discretion to decline to consider an issue raised for the first time in a motion for reconsideration.

25   *Novato Fire Protection Dist. v. U.S.*, 181 F.3d 1135, 1141 n.6 (9th Cir. 1999). "To succeed in a

26   motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce

27   the court to reverse its prior decision." *Ketchum v. City of Vallejo*, No. 05-1098, 2007 WL

28   4356137, at *1 (E.D. Cal. Dec. 11, 2007) (citations omitted).

1    Defendants' motion asserts the court committed clear error in citing *Neev*, 2016
2    WL 9051170, at *12, for the collateral estoppel rule. They fault *Neev* for failing to articulate the
3    "necessary to the judgment" rule they say is controlling, despite its express statement that the
4    issue must be "necessarily decided at the previous proceeding." *Id.* The court finds defendants
5    did not timely raise this argument despite being able to do so. In fact, to the extent reliance on
6    *Neev* is in error, defendants invited it. In their own brief on claim construction, defendants argued
7    against the application of collateral estoppel, using *Neev* as their statement of the rule. Defs.'
8    Claim Construction Br., ECF No. 90 at 10 (citing *Neev*, 2016 WL 9051170, at *32 [sic]).

9    In that brief, defendants argued that (1) there was no identity of issues as between
10   the construction of the '330 and '950 patents in the prior litigation and the construction of claims
11   in the '731 patent, because the '731 patent discloses new material; and (2) the prior litigation did
12   not end in a final judgment on the merits of the claim constructions because defendants' cross-
13   appeal of claim construction was deemed moot by the appellate court when that court affirmed
14   non-infringement. *Id.* While defendants were free to raise the issue of whether the prior
15   litigation's claim constructions were "necessary to the judgment" in that case, they opted not to
16   do so. As the case law makes clear, reconsideration is not an opportunity to make new arguments
17   when they could have been raised in the first instance.

18   Absent a showing of manifest injustice, the court will not disturb its prior ruling in
19   the interest of fairness. Even if the prior decision reflected legal error, the nature of any error
20   does not require reconsideration here. *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.4 (9th
21   Cir. 1999) ("[W]e disapprove any suggestion in these cases that a refusal to reconsider is an abuse
22   of discretion merely because the underlying order is erroneous, rather than clearly erroneous.");
23   *see also Mahon v. Crown Equip. Corp.*, No. 03-1763, 2008 WL 2025157, at *4 (E.D. Cal. May 9,
24   2008) (district court conceded error in finding safety measure had been available at time of
25   manufacture in products liability action but denied motion for reconsideration because allowing
26   decision to stand did not cause manifest injustice).

27   Defendants' motion for reconsideration of the application of collateral estoppel is
28   DENIED.

1    III.    CROSS-MOTIONS FOR SUMMARY JUDGMENT OR DISMISSAL

2            A. Legal Standard For Motion For Summary Judgment

3    A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). In carrying their burdens, both parties must "cit[e] to particular parts of materials in the record . . .; or show [] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1); see also *Matsushita*, 475 U.S. at 586 ("[the nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts"). Moreover, "the requirement is that there be no genuine issue of material fact. . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247-48 (emphasis in original).

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587-88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

A court may consider evidence as long as it is "admissible at trial." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). "Admissibility at trial" depends not on the

1  evidence's form, but on its content. *Block v. City of L.A.*, 253 F.3d 410, 418-19 (9th Cir. 2001)
2  (citing *Celotex Corp.*, 477 U.S. at 324). The party seeking admission of evidence "bears the
3  burden of proof of admissibility." *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1004 (9th Cir.
4  2002). If the opposing party objects to the proposed evidence, the party seeking admission must
5  direct the district court to "authenticating documents, deposition testimony bearing on attribution,
6  hearsay exceptions and exemptions, or other evidentiary principles under which the evidence in
7  question could be deemed admissible . . . ." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385-86
8  (9th Cir. 2010). However, courts are sometimes "much more lenient" with the affidavits and
9  documents of the party opposing summary judgment. *Scharf v. U.S. Atty. Gen.*, 597 F.2d 1240,
10 1243 (9th Cir. 1979).

11         The Supreme Court has taken care to note that district courts should act "with
12 caution in granting summary judgment," and have authority to "deny summary judgment in a case
13 where there is reason to believe the better course would be to proceed to a full trial." *Anderson*,
14 477 U.S. at 255. A trial may be necessary "if the judge has doubt as to the wisdom of terminating
15 the case before trial." *Gen. Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1507
16 (9th Cir. 1995) (quoting *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994)). This may be
17 the case "even in the absence of a factual dispute." *Rheumatology Diagnostics Lab., Inc v. Aetna,*
18 *Inc.*, No. 12-05847, 2015 WL 3826713, at *4 (N.D. Cal. June 19, 2015) (quoting *Black*, 22 F.3d
19 at 572); *accord Lind v. United Parcel Serv., Inc.*, 254 F.3d 1281, 1285 (11th Cir. 2001).

20     B.  Claim Construction

21         The distinction in the nature of the question to be resolved in claim construction
22 and the determination of the effective filing date from the written description under 35 U.S.C.
23 § 112 is important to the disposition of the motions. Claim construction is a question of law
24 resolved by the court in the first instance. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370,
25 384 (1996). The judge "is engaged in much the same task as the judge would be in construing
26 other written instruments, such as deeds, contracts, or tariffs." *Teva Pharms. USA, Inc. v. Sandoz,*
27 *Inc.*, 574 U.S. 318, 325 (2015) (citing *Markman*, 517 U.S. at 384–389). "Construction of written
28 instruments often presents a 'question solely of law' at least when the words in those instruments

11

are 'used in their ordinary meaning.'" *Id.* at 326 (citing *Great Northern R. Co. v. Merchants Elevator Co.*, 259 U.S. 285, 291 (1922). Although the question of meaning of a technical term whose meaning is not plain may require the testimony of experts subject to credibility determinations, the subsidiary factual questions "will be subsumed within the necessarily sophisticated analysis of the whole document[.]" *Markman*, 517 U.S. at 389. The determination of subsidiary factual questions necessary to the interpretative task is separately reviewable under a "clearly erroneous" standard. *Teva Pharms.*, 574 U.S. at 318.

"It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled to the right to exclude." *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1115 (Fed. Cir. 2004) (citation omitted). The claims "define the metes and bounds of the patentee's invention." *Thorner v. Sony Computer Enter. Am. LLC*, 669 F.3d 1362, 1367 (Fed. Cir. 2012).

Therefore, the court's earlier claim construction resolved questions of law. Although it involved the consideration of evidence, these were the "subsidiary factual questions" subsumed in the analysis. As discussed below, this is not dispositive of the effective date of the '731 Patent.

C. Effective Date of the '731 Patent

Determining whether a later-filed patent is entitled to the filing date of an earlier one from the written description is a question of fact. If construing patent claims can be analogized to determining the metes and bounds of real property conveyed by a deed, determining the date from which the property right may be asserted, based on the written description requirement in 35 U.S.C. § 112, is loosely analogous to analyzing the chain of title. A later-filed patent application that is a continuation of an earlier patent may receive the benefit of the earlier-filed patent's effective filing date if the disclosure in the earlier-filed patent satisfies statutory requirements governing the specification, including the written description requirement of the patent code. *Tech. Licensing Corp,* 545 F.3d at 1326.

/////

/////

Specifically, the written description requirement in § 112(a) provides:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention.

35 U.S.C. § 112(a). "To satisfy the written description requirement the disclosure of the prior application must 'convey with reasonable clarity to those skilled in the art that, as of the date of filing sought, [the inventor] was in possession of *the invention*.'" *PowerOasis*, 522 F.3d at 1306 (quoting *Vas–Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563–64 (Fed Cir. 1991) (emphasis in original)). The exact words of the disclosure need not be identical between the earlier and later claims. *Purdue Pharma LP v. Faulding Inc.*, 230 F.3d 1320, 1323 (Fed. Cir. 2000) (*in haec verba*[4] support not required for satisfaction of written description requirement). However, "the prior application itself must describe [the later invention] and do so in sufficient detail that one skilled in the art can clearly conclude that the inventor invented the claimed invention as of the filing date sought." *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed. Cir. 1997). This is "not a question of whether one skilled in the art *might* be able to construct the patentee's [later-filed] device from the teachings of the disclosure… Rather, it is a question of whether the application necessarily discloses that particular device." *Martin v. Mayer*, 823 F.2d 500, 505 (Fed. Cir. 1987) (quoting *Jepson v. Coleman*, 314 F.2d 533, 536 (CCPA 1963) (emphasis in original)). The written description requirement is not satisfied if the later claims are merely obvious over what is disclosed in the earlier application; the later claims must themselves be disclosed in the earlier specification. *In re Huston*, 308 F.3d 1267, 1277 (Fed. Cir. 2002) (citing *Lockwood*, 107 F.3d at 1571–72).

The purpose of the written description requirement is to make the production of the invention understandable to a skilled artisan and to show that the inventor actually invented the invention claimed. *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir.

---

[4] "In these same words; verbatim." In haec verba, Black's Law Dictionary (11th ed. 2019).

13

2010). The written description requirement is distinct in purpose from that for articulation of claims, which serve to put the public on notice of the outer bounds of the property right from which the patentee may exclude. *Id.* at 1347 ("Claims define and circumscribe, the written description requirement discloses and teaches."). As a result, the question of whether one skilled in the art would recognize that the inventor was in possession of the later-filed invention as of the earlier date is a question of fact, reviewed under a substantial evidence standard. *Id.* at 1355 (citing *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1243 (Fed. Cir. 2002)); *see also Cisco Systems, Inc. v. Cirrex Systems, LLC*, 856 F.3d 997, 1005 (Fed. Cir. 2017).

Taking into account all of the above, and the content of the court's earlier order on claim construction, that order does not resolve the matter of the priority date. Both ASR and defendants assert the court's claim construction resolves the issue of the priority date, each in their favor. The court did agree with defendants that the term "structural rails" was not subsumed in the references to "tracks" and "guide rails" in the '330 Patent in its claim construction order. Claim Construction Order at 26. However, this determination answers a distinct legal question of claim construction, not the factual question of whether a person skilled in the art would read the '330 Patent to disclose "structural rails" in its references to tracks and guide rails.

In construing the claims, the court relied to some degree on the defendants' extrinsic evidence, specifically the declarations of Dr. Paul Wright, Ph.D., and William Jon Maul. *Id.* at 25 (citing Wright Decl., ECF No. 51, and Maul Decl., ECF No. 50). Insofar as the court has made these subsidiary factual determinations based on the parties' evidence, those determinations regarding the weight and credibility of that evidence may not be revisited. These determinations are relevant, but not dispositive, in addressing defendants' position regarding the priority date. By contrast, ASR's assertion that the court's claim construction supports the '731 Patent's entitlement to the earlier date is not supported by the court's prior order.

The court's crediting of extrinsic evidence for the purpose of claim construction does not resolve the distinct question of whether a person of ordinary skill in the art would understand the invention described in the '731 Patent to have been invented as of the earlier filing date. The court cannot simply conflate its judgment and legal conclusions in the interpretation of

written instruments with the technical training possessed by one skilled in the art reviewing the '330 Patent. As discussed above, claim construction and the written description requirement invoke different standards with distinct purposes. Having noted its partial reliance on the Wright and Maul declarations in construing the claims at issue, the court now addresses the parties' arguments regarding the written description requirement as relevant to priority date.

### D. Burdens of Proof

Issued patents are subject to a presumption of validity. 35 U.S.C. § 282. When the USPTO makes a determination that a CIP application is entitled to the priority date of an earlier application, the presumption of validity extends to that priority date. *PowerOasis*, 522 F.3d at 1304 (citing *Ralston Purina Co. v. Far-Mar-Co., Inc.*, 586 F. Supp. 1176, 1189). However, in the absence of an express determination by the patent examiner that the CIP application is entitled to the earlier priority date, the presumption of validity does not extend to the earlier date. *Id.* at 1305.

ASR alleges the USPTO implicitly determined the priority date in issuing a non-statutory double patenting rejection during the prosecution of the '731 Patent, which was cured by a terminal disclaimer. Pl.'s Mem. P. & A. Summ. J., ECF No. 104-1, at 6–7, 16. Non-statutory double patenting rejection is a "judicially-created doctrine grounded in public policy. . . primarily intended to prevent prolongation of monopoly by prohibiting claims in a second patent not patentably distinguishing from claims of a first patent." *Application of Thorington*, 57 C.C.P.A. 759, 766 (1969). The doctrine bars the successive patenting of claims that are merely an obvious variation of an invention claimed by the same inventor in an earlier patent. *In re Dembiczack*, 175 F. 3d 994 (Fed. Cir. 1999), *abrogated on other grounds by In re Gartside*, 203 F. 3d 1305 (Fed. Cir. 2000). Here, the patent examiner determined the claims of the '731 Patent were obvious over those of the '950 Patent, which was itself subject to a non-statutory double patenting rejection cured by a terminal disclaimer following the '330 Patent. Pl.'s Statement of Undisputed Facts ("SUF") ¶ 24, ECF No. 104-3; Pl.'s Req. Jud. Not. at 8–9, ECF No. 104-2; *see also* Defs.' Resp. to SUF ¶ 24 (pointing out rejection was for obviousness).

/////

At the same time, "[e]ntitlement to a filing date does not extend to subject matter which is not disclosed, but would be obvious over what is expressly disclosed. It extends only to that which is disclosed." *Lockwood*, 107 F. 3d at 1571–72. Thus, non-statutory double patenting rejection notwithstanding, the USPTO made no implicit or explicit determination of the priority date of the '731 Patent.

In any event, the extension or non-extension of the § 282 presumption of validity to the earlier priority date does not alter the allocation of burdens between the parties. The burden of proof to demonstrate that defendants have infringed the '731 Patent is on ASR; the burden of proof to show the '731 Patent is invalid is on the defendants. *Tech. Licensing Corp.*, 545 F. 3d at 1327 ("Neither [plaintiff]'s burden to prove infringement nor [defendant]'s burden to prove invalidity, both ultimate burdens of persuasion, ever shifts to the other party—the risk of decisional uncertainty stays on the proponent of the proposition.").

Defendants contend in their briefs and stressed at hearing that the relief they request is only a judgment of non-infringement as to ASR's claims. *See, e.g.* Defs.' Reply in Support Mot. Recons. Summ J. at 4, ECF No. 116. Accordingly, they argue, the burden of persuasion is on ASR to prove infringement. *Id.* ASR contests this, asserting defendants' argument that ASR is not entitled to the earlier filing date amounts to a claim of invalidity. *See* Pl.'s Opp'n to Mot. Recons. Summ. J. at 2, 5. ASR asserts defendants seek invalidity of the '731 Patent, and as such, the burden is on them by clear and convincing evidence. *Id.* at 2. The court is not persuaded by ASR's position, that the references to invalidity in defendants' briefing can somehow override their expressly stated position of seeking only a judgment of noninfringement.

Defendants cite *Schering Corp. v. Geneva Pharms.* for the proposition that the court may decide noninfringement without the need to engage in the burden-shifting framework of invalidity. Reply in Support Mot. Recons. Summ. J. at 4 (citing *Schering*, 339 F.3d 1373, 1379 (Fed. Cir. 2003)). *Schering* repeats the principle "that a prior art reference which expressly or inherently contains each and every limitation of the claimed subject matter anticipates and invalidates." *Schering¸* 339 F.3d at 1379 (citing *EMI Group N. Am., Inc. v. Cypress Semiconductor Corp.*, 268 F.3d 1342, 1350 (Fed. Cir. 2001)). It is possible that the Acculoader

predates the filing date of the '731 Patent without practicing each and every limitation of the contested claims. If this were so, it would not infringe the patent nor would it invalidate it. Therefore, defendants are not asserting a de facto claim of invalidity by seeking a judgment of non-infringement. As noted, the burden of proving infringement is on ASR. *See Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 198 (2014).

### E. Genuine Dispute of Material Fact

As a preliminary matter, the court considered the Wright and Maul declarations in construing the claims, and the court's decision to include these declarations in the record is the law of the case. *See San Francisco Herring Ass'n v. Dept. of Interior*, 946 F.3d 564, 575 (9th Cir. 2019) (citation omitted) (law of case doctrine applies where issue in question was decided explicitly or by necessary implication in previous disposition).

Both ASR and defendants' motions argue the same point from their respective positions, whether the '731 Patent is entitled to the effective filing date of the '330 Patent. Both parties attach expert declarations in support of their contentions. For example, the Wright Declaration identifies the appropriate test for satisfaction of the written description requirement (ECF No. 51 ¶ 15), opines that tracks 49 are not the same as structural rails 153 (*id.* ¶ 26), that the tracks and structural rails perform different functions (*id.* ¶ 28), and finally opines that one of ordinary skill in the art would understand the structural rails disclosed in the '731 Patent to be different than the tracks disclosed earlier (*id.* ¶ 29).

By contrast, the various declarations of Fred Smith that plaintiffs file opine the opposite, that a person of ordinary skill in the art would understand that rollers would engage C-channel style tracks shown in Figure 8 of the '330 Patent disclosures (Smith Decl. IV, ECF No. 104-6 ¶¶ 19–21), and that the person of ordinary skill in the art would likewise understand that the function of those tracks is inherently structural (Smith Decl. IV ¶¶ 27, 34, 36).

Defendants mount a litany of boilerplate objections to the Smith declarations, including relevance, cumulative and waste of time, improper expert opinion, lack of foundation and authentication, speculation, and improper legal conclusions. Resp. & Obj. to Statement of Undisputed Facts, ECF No. 111-2. In addition, they object that Mr. Smith fails to explain how

his experience provides a basis for the conclusions and opinions he offers, and how that experience is applicable to the facts here. *Id.* at 25, 34. These objections lack merit and the court need not address them individually in overruling them. Mr. Smith is qualified as an expert in the mechanical engineering matters on which he opines. The Smith Decl. IV and its forbears explain in detail the process by which Mr. Smith arrived at his conclusions. The Smith Declaration is admissible, just as the Wright Declaration that contradicts it is.

In sum, all of the parties' numerous conflicts all raise questions about the weight and import of the evidence, not its existence or nonexistence. As discussed above, whether the '731 Patent is entitled to the earlier effective filing date of the '330 Patent is an issue of fact. Weighing the conflicting evidence on this point is fundamentally an issue for a jury. Where there is a genuine dispute of material fact, as here, the court cannot grant summary judgment to either party.

IV.   CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment and defendants' motion for reconsideration of claim construction are DENIED. Defendants' motion for reconsideration of summary judgment is GRANTED as explained above. On reconsideration, the court DENIES summary judgment to the defendants as well. This order resolves ECF No. 104, 105 and 106.

On February 1, 2018, the court advised the parties that further scheduling would be set after motion and claim construction issues were resolved, *see* ECF No. 99. The court now ORDERS the parties to file a joint status report within fourteen (14) days of this order addressing the subjects outlined in Eastern District Local Rule 240.

IT IS SO ORDERED.

DATED: October 13, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE