Daniel M. Cislo, Esq., No. 125,378
  *dan@cislo.com*
Mark D. Nielsen, Esq., No. 210,023
  *mnielsen@cislo.com*
C. Wook Pak, Esq., No. 244,780
  *wpak@cislo.com*
CISLO & THOMAS LLP
12100 Wilshire Boulevard, Suite 1700
Los Angeles, California 90025
Telephone: (310) 451-0647
Telefax: (310) 394-4477

Attorneys for Plaintiff,
ADVANCED STEEL RECOVERY, LLC


ROBERT M. HARKINS, JR. (SBN 179525)
bobh@ruyakcherian.com
RUYAKCHERIAN, LLP
1936 University Ave, Suite 350
Berkeley, CA  94704
Telephone: (510) 944-0190

Attorneys For Defendants,
X-BODY EQUIPMENT, INC. AND
JEWELL ATTACHMENTS, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED STEEL RECOVERY, LLC, | Case No. 2:16-cv-00148-KJM-JDP |
| Plaintiff, | [Hon. Kimberly J. Mueller] |
| vs. | **JOINT STATUS REPORT** |
| X-BODY EQUIPMENT, INC., JEWELL ATTACHMENTS, LLC, J.D.M.L., INC. dba STANDARD INDUSTRIES, and ALLSTATE PAPER & METAL RECYCLING CO., INC. | |
| Defendants. | |

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Pursuant to this Court's Order to submit a joint status report (Docket No. 145 at 18:19-23), Plaintiff Advanced Steel Recovery, LLC ("Plaintiff" or "ASR") and Defendants X-Body Equipment, Inc. ("X-Body") and Jewell Attachments, LLC ("Jewell") (X-Body and Jewell may be collectively referred to herein as "Defendants") have conferred and hereby submit the following Joint Status Report. The parties tracked L.R. 240 as in the previous report at Docket No. 133.

**I.    L.R. 240(a)(1) - Status of Service of Process**:

All defendants in the action have been served.

**II.   L.R. 240(a)(2) - Statutory Basis for Jurisdiction and Venue**:

Subject matter jurisdiction is predicated upon 28 U.S.C. §§ 1331(a) and 1338(a) inasmuch as this case alleges a single cause of action for patent infringement.

Venue is predicated upon 28 U.S.C. §§ 1391 and 1400(b), as set forth in the Complaint.

**III.  L.R. 240(a)(3) - Three Judge Panel/Constitutionality of Statute or Regulation**:

Inapplicable.

**IV.   L.R. 240(a)(4) - Possible Joinder of Additional Parties or Contemplated Amendment to the Pleadings**:

Plaintiff does not contemplate adding any additional parties.

Defendants do not contemplate adding any additional parties.

Plaintiff does not contemplate amending the First Amended Complaint (Docket No. 44).

Defendants do not contemplate amending the Second Amended Counterclaims (Docket No. 134).

**V.    L.R. 240(a)(5) - Formation and Simplification of Issues/Elimination of Frivolous Claims/Defenses**:

The parties are unaware of any means to simplify the issues or eliminate frivolous issues, if any, at this time.

### VI. L.R. 240(a)(6) – Appropriateness of Variance from Usual Filing and Service Requirements

To facilitate service of documents in the case, particularly as to discovery documents, the parties agree that service by e-mail to the email address(es) registered with CM/ECF for the Receiving Party's counsel of record is equivalent to service by personal service pursuant to Fed.R.Civ.P. 5(b)(2)(A) or (B) if sent by 4:59 p.m. Pacific time, unless the recipient can show that he or she did not receive the email by 4:59 p.m. Pacific time.  This agreement does not apply to motions or other documents filed by CM/ECF (addressed below).  An individual e-mail message shall not exceed 15 MB in size.  Service by email is also acceptable if a link is provided from which the service documents may be downloaded by the recipient.  If documents are served by e-mail, the originals need not follow by regular mail.  In the event that certain documents are too large to be sent by e-mail (e.g., large exhibits to main document), then the parties agree to serve those large documents the following day by Federal Express next business day service.

Regarding ECF-filed documents, the Parties agree that they should follow the Court's Local Rules and other applicable orders with respect to service of documents electronically filed with the Court.

### VII. L.R. 240(a)(7) – Disposition of Pending Motions … Appropriateness and Timing of Summary Adjudication and Other Anticipated Motions

There are presently no pending motions before the Court.

The parties have heretofore spent a substantial amount of time on claim construction and summary judgment motions.  With that said, Plaintiff contemplates filing a dispositive motion as to infringement of the patent-in-suit by Defendants.

Defendants contemplate filing dispositive motions regarding non-infringement and invalidity, and possibly as to its non-patent claim.

Other than the motions previously filed in the case, the parties reserve the right to file different and/or additional dispositive motions as the evidence warrants.

The parties agree that dispositive motions shall be filed on or before December 16, 2022, and/or heard on or before February 3, 2023 (or otherwise subject to the Court's calendar). The parties further agree that dispositive motions shall be filed at least thirty-five (35) days before the hearing date, oppositions shall be filed at least twenty-one (21) days before the hearing date, and reply papers filed at least seven (7) days before the hearing date.

## VIII. L.R. 240(a)(8) – Rule 26 Initial Disclosures, Anticipated/Outstanding Discovery, Scheduling of Discovery, etc.:

### A. Timing/Form of Fed.R.Civ.P. 26(a) Disclosures; Changes; Further Discovery Conferences:

The parties made their respective Initial Disclosures pursuant to Fed.R.Civ.P. 26(a) in November of 2017. ASR supplemented its Disclosures on or about November 20, 2020. The parties are mindful of their respective duties to supplement Disclosures. The parties do not believe the requirements of Fed.R.Civ.P. 26(a) need to be changed.

The parties have also made disclosures pursuant to N.D. Cal. Patent L.R. 3-1 through 3-4 regarding Plaintiff's Asserted Claims and Infringement Contentions (and associated Document Production) pursuant to N.D. Cal. Patent L.R. 3-1 and 3-2, and Defendant's Invalidity Contentions (and associated Document Production) pursuant to N.D. Cal. Patent L.R. 3-3 and 3-4.

The parties agreed to and exchanged document productions on October 21, 2021. Fact discovery is still ongoing in this case and the parties may produce additional documents as discovery continues.

Amending Contentions – ASR has requested that Defendants stipulate to allow ASR to amend its infringement contentions post-claim construction and after Defendants' motion for reconsideration regarding claim construction and the Court's Order thereon, as well as in connection with documents produced by Defendants in discovery in October of 2021. Defendants

have not agreed to such a stipulation given that N.D. Cal. Patent L.R. 3-6 requires a Court Order to amend infringement contentions "upon a timely showing of good cause;" also, ASR has requested to amend (i) its original infringement contentions for the originally-identified, accused product based on the Court's claim constructions, as well as (ii) new infringement contentions for other versions of the accused product that ASR argues did not clearly come to light until Defendants' October 2021 document productions. Defendants contend that ASR has not established that good cause exists given the elapsed time since (a) the October 13, 2020 Order (Docket No. 132) where the Court denied Defendant's Motion for Reconsideration of Claim Construction (Docket No. 106) and (b) Defendants interrogatory responses dated January 29, 2021 identifying the other versions of the accused product. ASR notes that in the prior Joint Status Report, "[t]he parties reserve[d] the right to amend the aforementioned disclosures as provided for in the Federal Rules of Civil Procedure and Local Patent Rules from the Northern District of California." Docket No. 133 at 4:23-25. ASR has requested agreement to allow for amendment of its infringement contentions based on claim construction and materials showing the other versions of the accused product produced by Defendants in discovery in October of 2021. Given that fact discovery remains open and there are no pressing deadlines that would prejudice the parties by allowing supplemental contentions, particularly in light of the schedule proposed herein. ASR, as part of such a stipulation would agree to Defendants supplementing their invalidity contentions should they so choose. Defendants still have not agreed to such a stipulation given the N.D. Cal. Patent L.R. 3-6 requiring a Court Order and good cause for its two-part request. A motion by ASR may be forthcoming on this point, if needed, subject to the Court's guidance.

The parties do not presently anticipate the need for further discovery conferences.

### B. Subjects on Which Discovery May be Needed; Completion of Discovery; Phased Discovery:

Regarding the subjects on which discovery may be needed, Plaintiff anticipates taking discovery on the following matters: (1) details of the features of the accused product, including requesting a physical inspection of the several versions of the accused product (to the extent

possible); (2) manufacturing, sales, and distribution of the accused product, including financial information related to manufacturing costs, distribution and set-up costs, sales prices, and any ongoing use fees or payments to Defendants by customers, as well as each of the Defendant's revenues and costs associated with the several versions of the accused product, and more general company financial information for each Defendant; (3) documents provided to the customer in connection with sales of the several versions of the accused product; (4) training or informational materials and information provided to customers or users of the several versions of the accused product; (5) Defendants' correspondence with their customers regarding the several versions of the accused product, Plaintiff, and/or this case; (6) William J. Maul's employment at and for Steco and X-Body, and his actions in connection therewith; and, (7) changes to the design of the accused product over time. Plaintiff submits that this list is representative only, and it reserves the right to take discovery on additional matters as the need arises, particularly as it relates to infringement and damages.

Regarding the subjects on which discovery may be needed, Defendants anticipate taking discovery on the following matters: (1) matters related to the purported invention of the asserted patent and its predecessor patents, the prosecution history of the asserted patent and the patent family, and assertion of the asserted patent family; (2) Plaintiff's knowledge of Defendants' product prior to the filing of the application leading to the asserted patent, the failure to cite various prior art, and other matters related to inequitable conduct; (3) matters related to non-infringement of the asserted patent and Plaintiff's knowledge of non-infringement; (4) matters related to invalidity of the asserted patent; (5) inequitable conduct and other patent-related defenses; (6) Plaintiff's communications with X-Body customers; (7) Plaintiff's market share and other matters related to potential violations of antitrust and/or other competition laws; (8) assertions of infringement and related litigation to the patent family of the asserted patent; (9) matters related to damages or lack thereof; (10) Plaintiff's ongoing campaign of serial patent infringement assertion;; and (11) matters relevant to potential sanctions or a finding of exceptional case status.

The parties do not believe that phased discovery is necessary.

The parties agree that discovery requests and responses shall be served via electronic mail,

and that such service via electronic mail shall be equivalent to personal service, as noted above in Part VI.

With respect to confidential or highly confidential materials, a Protective Order is in place in the case. Docket No. 144.

With respect to ESI, the parties agree to produce documents in electronic form as TIFF files with text searchable load files. The parties reserve the right to produce documents in native format.

With respect to privilege claims or inadvertent disclosure of privileged information in discovery, the parties agree to follow Fed.R.Civ.P. 26(b)(5).

With respect to information withheld, the parties agree to produce a formal privilege log within thirty (30) days of serving written discovery responses. Litigation counsel need not log their respective communications with their respective clients.

With respect to information inadvertently disclosed, if the Court believes it is necessary above and beyond the parties' agreement herein to the indented language immediately below, the parties are amenable to jointly seeking a Rule 502(d) Order, which would be worded substantially, if not identically, to the following:

> The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

**C.     Changes to Limitations on Discovery Imposed Under the Rules**:

The parties do not believe any changes to limitations on discovery imposed under applicable Rules are required. The parties, however, agree to work together to avoid discovery disputes should it be necessary for one or both parties to e.g., exceed 25 interrogatories, take more than 10 depositions, or the like. The parties agree that any such agreements to exceed the number of interrogatories or depositions provided by the Federal Rules will be reciprocal.

**D.    Timing of Disclosure of Expert Witnesses/Expert Reports**:

The parties agree that for any additional experts required for the case, initial expert reports on matters for which a party bears the burden of proof shall be served on or before September 23, 2022. Rebuttal expert reports shall be served on or before October 21, 2022. The expert discovery cut-off shall be December 2, 2022.

**E.    Proposed Dates for Discovery Cut-off**:

The parties agree that fact discovery shall be completed by August 26, 2022, and expert discovery shall be completed by December 2, 2022, as noted in the preceding paragraph.

**F.    Final Pretrial Conference and Trial Dates**:

The parties agree that the Final Pretrial Conference should be scheduled on or about April 21, 2023, subject to the Court's convenience.

Plaintiff has requested a jury trial on all issues so triable. The parties anticipate that this case will require a trial lasting 5-6 days. The parties propose a trial date on June 19, 2023, subject to the Court's convenience.

In the alternative, the parties would be amenable to the Court setting a Final Pretrial Conference date after the resolution of any further dispositive motions, or passage of the dispositive motion cutoff, with a trial date being determined at the pretrial conference. The parties should be prepared to confirm a trial date within 60 to 90 days from the date of the final pretrial conference, and should be available for trial accordingly.

**IX.    L.R. 240(a)(9) – Avoidance of Unnecessary Proof/Cumulative Evidence; Restrictions on Use of Testimony under Fed.R.Evid. 702**:

The parties are not presently aware of methods to avoid unnecessary proof or cumulative evidence; although, the parties agree that documents produced by the parties in the Prior Litigation may be used in this case.

X. **L.R. 240(a)(10) – Possibility of Obtaining Admissions of Facts, Documents, Stipulations regarding Authenticity, Advance Rulings from Court**:

The parties, each in their own respective discretion, have served, and may further serve, requests for admissions regarding certain facts. The parties are open to considering stipulations regarding admissibility of documents, where applicable. At this stage of the proceedings, with much of general fact discovery ongoing, it is difficult for the parties to be specific, but they are open to discussing such matters as warranted.

XI. **L.R. 240(a)(11) – Further Proceedings, Further Conferences, Proposed Case Schedule; Order to Limit Time Allowed for Presenting Evidence**:

Other than noticed motion hearings and a final pretrial conference, as well as the Status Conference on March 10, 2022 via Zoom, the parties do not believe any additional conferences with the Court are needed at this time.

As to further proceedings in the case, the parties are in the process of undertaking more general fact discovery (written and likely deposition), which has been somewhat on hold until it became clear which of Defendants' counterclaims may or may not have remained in the case. That matter has now been clarified by the Court. Docket No. 145.

The parties will also need to conduct further expert discovery, including with respect to damages, and also likely infringement/non-infringement. The parties' respective proposals for case scheduling are set forth in the Table below.

As to any orders to limit time allowed for presenting evidence, the parties are open, in theory, to such orders, but until fact discovery is further developed, the parties cannot reasonably ascertain what appropriate time limits, if any, should be ordered.

///
///
///

**Proposed Case Schedule**:

The parties agree upon the schedule set forth in the Table below:

| Task/Deadline | Parties' Agreed Proposed Dates |
|---|---|
| Deadline for Plaintiff to Serve Amended Infringement Contentions | 4/18/2022 |
| Deadline for Defendants to Serve Amended Invalidity Contentions | 5/23/2022 |
| Mediation Deadline | 6/24/2022 |
| Fact Discovery Cutoff (including deadline for compliance with any orders based on fact discovery motions) | 8/26/2022 |
| Initial Expert Reports (for issues on which the disclosing party has the burden of proof) | 9/23/2022 |
| Rebuttal Expert Reports | 10/21/2022 |
| Expert Discovery Cutoff (including deadline for compliance with any orders based on expert discovery motions) | 12/2/2022 |
| Deadline to File Dispositive Motions (subject to briefing schedule referenced herein) | 12/16/2022 (Oppositions – 1/6/2023; Replies – 1/20/2023; hearing – 2/3/2023, or subject to Court's calendar) |
| Final Pretrial Conference | 4/21/2023 (or subject to Court's calendar) |
| Trial Start Date (5-6 day jury trial) | 6/19/2023 (or subject to the Court's calendar) |

**XII.   L.R. 240(a)(12) – Modification of Standard Pretrial Procedures**:

The parties do not presently anticipate any proposed modifications of standard pretrial procedures because of the simplicity or complexity of the case. The parties, however, reserve the right to request modifications in the future, if needed.

**XIII.   L.R. 240(a)(13) – Appropriateness of Order for Separate Trial**:

The parties do not presently contemplate the need for an order for a separate trial; although, the parties each reserve the right to make such a request if circumstances warrant.

**XIV.   L.R. 240(a)(14) – Appropriateness of Order Directing Party(ies) to Present Evidence Early in Trial As to Issue Possibly Subject to JMOL (Fed.R.Civ.P. 50(a)) or Judgment on Partial Findings (Fed.R.Civ.P. 52(c))**:

The parties do not presently contemplate the need for an order regarding the timing of presentation of evidence at trial; although, the parties each reserve the right to make such a request if circumstances warrant.

**XV.   L.R. 240(a)(15) – Appropriateness of Special Procedures (Special Master; Magistrate Judge)**:

The parties do not mutually consent to a jury or court trial presided over by a Magistrate Judge. The parties request a trial handled by the District Judge. The parties do not believe that this case warrants reference to a special master.

**XVI.   L.R. 240(a)(16) – Prospect of Settlement/Special Settlement Procedures**:

In the Prior Litigation, the parties made significant efforts to reach agreement to resolve the dispute, but were unsuccessful. Defendants further note that while there have been negotiations in the past, the parties have never formally mediated their disputes, which have been pending for many years. The parties are, amenable to a mediation with a private mediator taking place on or before June 24, 2022. To that end, the parties request that the Court order a mediation to occur with a

private mediator to be agreed upon by the parties with a mediation deadline of June 24, 2022.

The parties do not stipulate to the District Judge acting as settlement officer.

### XVII. L.R. 240(a)(17) – Appropriateness of ADR/VDRP:

In furtherance of the previous paragraph, the parties do not believe a VDRP reference is presently needed. If circumstances change, and the parties believe a VDRP reference would be useful, the parties will inform the Court in that regard.

### XVIII. Other Matters:

At present, the parties are not aware of other matters that require discussion with the Court.

Respectfully submitted:

CISLO & THOMAS LLP

Dated: February 22, 2022     By:   /s/ Mark D. Nielsen
                                   Mark D. Nielsen
                                   C. Wook Pak

                                   Attorneys for Plaintiff,
                                   ADVANCED STEEL RECOVERY, LLC


RUYAK CHERIAN, LLP

Dated: February 22, 2022     By:   /s/Robert Harkins (with permission)
                                   Robert Harkins

                                   Attorneys for Defendants,
                                   X-BODY EQUIPMENT, INC. and JEWELL ATTACHMENTS, LLC

\\SRV-SQL\TMDocs\15-31078\Joint Status Report - final.docx

**PROOF OF SERVICE**

I HEREBY CERTIFY that on February 22, 2022, a true and correct copy of the foregoing pleading or paper was served using the Court's CM/ECF system with electronic notification of such filing to the following counsel of record:

Robert M. Harkins, Jr., Esq.
bobh@ruyakcherian.com
RUYAK CHERIAN, LLP
1936 University Avenue, Suite 350
Berkeley, California 94704
Telephone: (510) 944-0190

Executed on February 22, 2022 at Westlake Village, California.

/s/Laura Banuelos
Laura Banuelos

.

**Joint Status Report**  **Case No. 2:16-cv-00148-KJM-JDP**