ROBERT M. HARKINS, JR. (Bar No. 179525)
bobh@ruyakcherian.com
KORULA T. CHERIAN (Bar No. 133967)
sunnyc@ruyakcherian.com
RUYAKCHERIAN LLP
1936 University Ave, Suite 350
Berkeley, CA  94704
Telephone: (510) 944-0190

Attorneys for Defendants
X-BODY EQUIPMENT, INC. and
JEWELL ATTACHMENTS, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED STEEL RECOVERY, LLC,<br><br>       Plaintiff,<br><br>    v.<br><br>X-BODY EQUIPMENT, INC., JEWELL<br>ATTACHMENTS, LLC,<br><br>       Defendants. | Case No.  2:16-CV-00148-KJM-EFB<br><br>**DEFENDANTS' RESPONSE TO THE RULE 11 ORDER TO SHOW CAUSE [DKT. NO. 145]**<br><br>Room:   Courtroom 3, 15th Floor<br>Hon. Kimberly J. Mueller |

RuyakCherian LLP
1936 University Avenue, Suite 350
Berkeley, CA 94704

RuyakCherian LLP
1936 University Avenue, Suite 350
Berkeley, CA 94704

## I.    INTRODUCTION

On February 8, 2022, the Court granted Plaintiff Advanced Steel Recovery LLC's "motion to dismiss counterclaims 4, 5, 7, 8, 9, 10 and 11 . . . without leave to amend."  Order to Show Cause ("OSC"), Dkt. No. 145, at 14.  The Court also ordered X-Body to show cause "why it should not be sanctioned for violating Rule 11(b)(2) by (a) arguing that counterclaims 4, 5, 8, 9, 10 and 11 need not be pleaded with particularity and (b) not complying with this court's previous warning that any amended counterclaims must comply with Rule 11." *Id.*  As X-Body understands the OSC, there is a concern that in its Second Amended Counterclaims (the "SACC") and opposition to the motion to dismiss X-Body may not have properly followed the guidance provided by the Court in its prior Order giving leave to amend.  Dkt. 131 ("Order").

X-Body endeavored in good faith to follow the Court's Order in both the SACC and its opposition to the motion to dismiss, and it provides the below explanation and brief legal discussion that it respectfully believes provides cause not to impose sanctions.

## II.    EXPLANATION OF DEFENDANTS' PLEADING AND OPPOSITION TO THE MOTION TO DISMISS

In conjunction with this response, Defendants submit the declaration of lead counsel Robert Harkins ("Harkins Dec.") to explain Defendants' SACC allegations and arguments in opposition to the motion to dismiss and why they were submitted in good faith and conformity with Rule 11.  In the SACC Defendants endeavored in good faith to abide by the ruling and reasoning of the Court's Order on the motion to dismiss Defendants' First Amended Counterclaims (the "Order," Dkt. No. 131) and inluding the decision in *Vess v. Ciba Geigy Corp. USA*, 317 F.3d 1097, 1104-05 (9th Cir. 2003), and the Court's admonition that permissible counterclaims must "provide adequate notice of the counterclaims and the factual ground on which they are based . . . ."  Order, Dkt. No. 131, at 8. (Declaration of Robert Harkins ["Harkins Dec."], ¶ 3.

Seeking to fully abide the ruling and reasoning of the Order, the SACC contained multiple specific examples of the conduct that Defendants viewed as violations of law, which were newly added and not previously detailed in Defendants' First Amended Counterclaims.  *See, e.g.*, Dkt. No. 134, at ¶¶ 42–45, 57–60, 77–80, 89–92, 99–102.  Harkins Dec., ¶ 4.

The Court ultimately held that these more detailed allegations in the SACC still were not

RuyakCherian LLP
1936 University Avenue, Suite 350
Berkeley, CA 94704

1 sufficient to state a claim (Dkt. No. 145), but when the SACC was filed, X-Body was attempting in

2 good faith to provide the details that the Court deemed lacking in its earlier Order on the First

3 Amended Counterclaims, and believed that Defendants had met the requirements of Rule 11 in

4 including them.  Harkins Dec., ¶ 5.

5 In arguing that counterclaims 4, 5, 8, 9, 10 and 11 need not be pled with particularity, it was

6 Defendant's intent to argue that any *non-fraud-based* allegations supporting those claims need not

7 be pled with particularity.  As described by the Court in the Order on the First Amended

8 Counterclaims, the issue was that "the *portions of the complaint grounded in fraud* do not comply

9 with Rule 9(b)'s heightened pleading requirement."  Order, Dkt. No. 131, at 8 (emphasis added); *see*

10 *also id.* ("Disregarding the inadequately pled allegations of [fraudulent] conduct, the court finds

11 these counterclaims do not state a claim.").  This was consistent with Defendant's understanding of

12 the law as set forth in *Vess*.  Defendant did not believe from the Order on the First Amended

13 Counterclaims that the Court had ruled that *everything* alleged in Counterclaims Four, Five and

14 Seven through Eleven must satisfy Rule 9(b), but merely that the *averments of fraudulent conduct*

15 in those claims were not adequate to satisfy Rule 9(b), again in line with the standards set forth in

16 *Vess* for pleading when a claim was based both on fraudulent and non-fraudulent conduct. Harkins

17 Dec., ¶ 6.

18 For example, Paragraph 88 of the SACC states that "false statements of fact were made

19 negligently by ASR regarding the Acculoader," and it was not X-Body's understanding from the

20 Court's Order on the First Amended Counterclaims that it had determined to apply Rule 9(b) to this

21 allegation.  Rather, Paragraphs 89 through 92 of the SACC provided new and specific descriptions

22 of the averments concerning fraud.  Instead, X-Body believed the Court's Order necessitated those

23 more specific allegations in Paragraphs 89 through 92, and that with those improvements, the

24 allegations of negligence, such as in Paragraph 88, might survive under Rule 8(a) as well.  Harkins

25 Dec., ¶ 7.

26 Defendants believed in good faith that the additional, detailed allegations pleadings were

27 sufficient under Rule 9(b).  But if the allegations did not rise to the level of fraud, non-fraud

28 allegations could be sufficient to support legal claims where fraudulent acts and intent are not

required (for example, an allegation that does not show fraud may still show negligence that could support a claim for negligent interference with prospective economic advantage). As held in the Ninth Circuit decision *Vess* cited by the Court, a legal claim may be based on some allegations that sound in fraud and some that do not, and that in such case the fraud-based allegations must meet Rule 9(b), but the non-fraud allegations need only adhere to Rule 8. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-1105-06 (9th Cir. 2003). That is why Defendants discussed in their opposition that claims may survive without alleging facts sufficient to show fraud. Also, to the extent certain elements of claims were not related to fraud (such as market power for antitrust claims), those allegations do not require the heightened pleading that fraud allegations require. X-Body did not intend to subvert or ignore the Order or the Order's citation to *Vess*, but rather to follow the Order and the law. X-Body did not intend to argue that allegations sounding in fraud did not require heightened pleading and does believe its opposition so argued. And while the Court was not persuaded that Rule 8(a) should govern the counterclaims, other courts have applied Rule 8(a) to similar allegations, so X-Body's legal position had a reasonable basis despite the ultimate ruling against it.

In opposition to the motion to dismiss the SACC, Defendants argued only that the counts "include[d] allegations of non-fraudulent conduct (*in addition to fraudulent conduct*) . . . ." Dkt. No. 138, at 5 (emphasis added). In overseeing that opposition, I did not intend to convey that any of the counts in question were subject to analysis solely under Rule 8(a); I was not ignoring the Court's Order that Rule 9(b) was relevant to those counts. Rather, Defendants intended argue— consistent with their understanding of the Court's Order on the First Amended Counterclaims described above—that "portions of the" (Order, Dkt. No. 131, at 8) counts in question, concededly, must be pleaded with particularity under Rule 9(b), and other portions (*e.g.*, negligence) were not averments of fraud subject to Rule 9(b). Harkins Dec., ¶ 9.

As explained above, the positions taken by Defendants on the SACC were a genuine attempt to follow the Order, and were not intended to undermine the Court's Order on the First Amended Counterclaims. Defendants attempted at all times to abide by the Court's Order in good faith, and to provide the necessary particularity. Harkins Dec., ¶ 10.

RuyakCherian LLP
1936 University Avenue, Suite 350
Berkeley, CA 94704

RuyakCherian LLP
1936 University Avenue, Suite 350
Berkeley, CA 94704

1    In further support of Defendants' good faith efforts and supporting law, Defendants submit

2  as Exhibit A is a true and correct copy of the pleading at issue in *Vess v. Ciba Geigy Corp. USA*, 317

3  F.3d 1097, 1104-05 (9th Cir. 2003), *i.e.*, the "First Amended Class Action Complaint for Violation

4  of the Consumer Legal Remedies Act, and Complaint for Restitution and Injunctive Relief Under

5  California Business and Professions Code Section 17200 and 17500" (*Vess v. Ciba Geigy Corp.

6  USA*, No. 3:00-cv-1839-CGA, Dkt. No. 125 (S.D. Cal. March 2, 2001) and as Exhibit B hereto is a

7  true and correct copy of the pleading at issue in *Sherman v. Network Commerce, Inc.*, 94 F. App'x

8  574, 575 (9th Cir. 2004), *i.e.*, the "Consolidated Amended Class Action Complaint" (*Sherman v.

9  Network Commerce, Inc.*, No. 01-cv-675, Dkt. No. 40 (W.D. Wash. Nov. 13, 2001).   X-Body

10  believes these show that similar allegations were treated by the courts in those cases in a manner

11  with X-Body's SACC and opposition arguments to the motion to dismiss, which further support

12  good cause not to impose sanctions.

13  ### III.    LEGAL STANDARDS

14  #### a.   Rule 11

15    "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating

16  Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).   "The simple fact that an

17  attorney's legal theory failed to persuade the district court 'does not demonstrate that [counsel]

18  lacked the requisite good faith in attempting to advance the law.'"  *Id.* (quoting *Hurd v. Ralphs

19  Grocery Co.*, 824 F.2d 806, 811 (9th Cir. 1987)).   "Rather, [the Ninth Circuit] reserve[s] sanctions

20  for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or

21  without legal foundation, or brought for an improper purpose." *A-C Co., 859 F.2d at 1344.*  "Were

22  vigorous advocacy to be chilled by the excessive use of sanctions, wrongs would go

23  uncompensated." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1363–64 (9th Cir. 1990).

24    "The Committee's note to amended Rule 11 states:"

25    The rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual
26  or legal theories.   The court is expected to avoid using the wisdom of hindsight and should
    test the signer's conduct by inquiring what was reasonable to believe at the time the
27  pleading . . . was submitted.

28  *Greenberg v. Sala*, 822 F.2d 882, 887 (9th Cir. 1987).   Accordingly, the Ninth Circuit is "averse to

1    an interpretation of Rule 11 that would . . . blur the roles of attorneys and judges over the proper

2    reading of legal precedent." *Id.*

3          "Since the pleading involved here is a complaint, the [requester] must show that it was

4    frivolous." *Id.*; *see also, e.g., Townsend*, 929 F.2d at 1362 ("[C]omplaints are not filed for an

5    improper purpose if they are non-frivolous."); *Greenberg v. Sala*, 822 F.2d 882, 885–86 (9th Cir.

6    1987) ("Where a complaint is in question, the 'improper purpose' analysis is not necessary because

7    a non-frivolous complaint cannot be said to be filed for an improper purpose."). "Accordingly, we

8    need not look beyond the 'frivolous filing' standard in this case." *Id.* at 886. "[T]he issue of whether

9    or not specific conduct violated the rule is reviewed as an issue of law, de novo." *Id.* at 885.

10         **b.   Rule 9(b)**

11         For any claim where "'fraud is not a required element, Rule 9(b)'s heightened pleading

12   standard [may] not apply.'" *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1019 n.11 (9th Cir.

13   2020) ("Rule 9(b) requirements may not even be necessary, given that a defendant can violate the

14   UCL, FAL, and CLRA by acting with mere negligence."). Only where a plaintiff "allege[s] a unified

15   course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim,"

16   is the claim "said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as

17   a whole must satisfy the particularity requirement of Fed. R. Civ. P. 9(b)." *Vess v. Ciba-Geigy Corp.*

18   *USA*, 317 F.3d 1097, 1103-1104 n. 9 (9th Cir. 2003).

19         Conversely, if any claim does "not rely entirely on a unified fraudulent course of conduct,

20   [then it is] not 'grounded in fraud' . . . ." *Id.* at 1106 (reversing district court dismissal of complaint,

21   because one of the 68 paragraphs in the complaint stated the defendant "'negligently' failed to

22   disclose its financial relationship"); *id.* at 1105 ("'The allegations of innocent or negligent

23   misrepresentation . . . would survive.'"). Thus, a "district court [must], as *Vess* requires, consider

24   whether the plaintiffs alleged non-fraudulent as well as fraudulent conduct," and avoid any

25   application of Rule 9(b) to the former. *Sherman v. Network Commerce, Inc.*, 94 F. App'x 574, 575

26   (9th Cir. 2004) (reversing district court dismissal of complaint because one of the 319 paragraphs in

27   the complaint stated the defendant "acted negligently in issuing false and misleading statements

28   contained in the Proxy Statement"); *see also Miller v. IBM*, 138 F. App'x 12, 16–17 (9th Cir. 2005)

RuyakCherian LLP
1936 University Avenue, Suite 350
Berkeley, CA 94704

("Finally, claim nine is not a fraud claim.  Rather, it is a negligent misrepresentation claim.  We hold that Rule 8(a) has been satisfied, and we reverse the district court's dismissal of claim nine.").

## IV.   THE AMENDED CLAIMS AND ARGUMENT IN OPPOSITION TO THE MOTION TO DISMISS WERE NOT FRIVOLOUS

Following the Court's guidance in the Order, X-Body amended its allegations to set forth the "'who, what, when, where, and how' of the misconduct charged."  *Vess*, 317 F.3d at 1106; *see also* SACC, Dkt. No. 134, at ¶¶ 42–45, 57–60, 77–80, 89–92, 99–102.  For example, the SACC detailed the following in support of each of the counts in question:

> 42. As one example, Nathan Frankel in a letter dated July 16, 2015 wrote to John Scheck at Standard Industries, known to Mr. Frankel to be an X-Body customer, and without legal cause threatened Standard Industries with legal action if it did not cease business with X-Body and instead contract with ASR. Subsequently, when Standard Industries did not accede to Mr. Frankel's demands, ASR did in fact file suit against Standard Industries in this case. On information and belief, the reason ASR sued Standard Industries is as retribution for not acceding to the demands and is not based on any other reason. As a result of the threats and action, X-Body has not done the level of business it would otherwise have done with this customer and has been damaged.

X-Body reasonably believed this and similar allegations adequately set forth the who (Nathan Frankel), what ("threatened Standard Industries with legal action if it did not cease business with X-Body"), when (July 16, 2015), where, and how ("in a letter . . . to John Scheck at Standard Industries"), of the counterclaims.[1]  X-Body offered additional particularized examples of bad faith market statements by ASR to ensure adequate notice of the overall wrongful course of conduct underlying the counterclaims.  *See, e.g.*, SACC ¶¶ 43–45.

---

[1] As reflected in the five specific questions posed by the Court in the Order dismissing the FACC (Dkt. 131, at 8), Rule 9(b) "standards are limited to the 'averments of fraud' themselves, *i.e.*, the allegations concerning the statements themselves and their false or misleading representation of fact."  *Universal Entm't Corp. v. Aruze Gaming Am.*, No. 18-cv-585-RFB-NJK, 2020 U.S. Dist. LEXIS 96681, at *88 (D. Nev. May 30, 2020).  "[A]llegations of non-fraudulent conduct, such as the injury suffered need satisfy only the ordinary notice pleading standards of Rule 8(a)."  *Id.*; *see also, e.g.*, *O'Shea v. Epson Am., Inc.*, No. 09-cv-8063-PSG-CW, 2010 U.S. Dist. LEXIS 151913, at 19 n. 5 (C.D. Cal. Mar. 5, 2010) ("Courts have regularly held that the heightened pleading requirements of Rule 9(b) do not apply to allegations of reliance and causation of injury.").  For sham litigation antitrust claims, the cost of litigation itself establishes injury as a matter of law.  *See, e.g.*, *Polaris Innovations, Ltd. v. Kingston Tech. Co.*, No. SACV 16-00300-CJC-RAO, 2017 U.S. Dist. LEXIS 77142, at *37–38 (C.D. Cal. Mar. 30, 2017) ("Samsung admits Kingston's litigation costs can constitute antitrust injury when the patent lawsuit was a sham."); *Bal Seal Eng'g v. Nelson Prods.*, No. 8:13-cv-01880-JLS-KES, 2016 U.S. Dist. LEXIS 200714, at *21 (C.D. Cal. Dec. 7, 2016) ("It has adequately pleaded injury in the form of time and money spent defending Bal Seal's lawsuit . . . .").  It is well-settled that antitrust elements such as relevant market and market power are likewise judged by Rule 8(a).  *See, e.g.*, *id.* at 17.

2:16-CV-00148-KJM-EFB
DEFENDANTS' RESPONSE TO THE RULE 11 ORDER TO SHOW CAUSE

RuyakCherian LLP
1936 University Avenue, Suite 350
Berkeley, CA 94704

Even where patents have never been tested before—and especially in cases like this, where the patentee previously sued based on the same subject matter, and lost—in other cases defendants have assert the same type of claims set forth in the SACC, based on the same threatened and actual patent litigation, and those allegations have withstood judicial scrutiny.  For example:

> Here, Omilia has plausibly alleged that Nuance violated Section 2 of the Sherman Act by wielding its pool of patents against competitors to threaten costly, baseless litigation unless the competitors agree to a buy out or merger, and by notifying the competitors' potential customers of the possibility of litigation, all with an anti-competitive motive.  *Cf. Kobe, Inc. v. Dempsey Pump Co.*, 198 F.2d 416, 423–24 (10th Cir. 1952) (upholding jury's finding of violations of Sections 1 and 2 of the Sherman Act where defendant had monopoly on patents in market and sent plaintiff's potential customers notices of patent infringement lawsuits).

*Nuance Communs., Inc. v. Omilia Nat. Language Sols., Ltd.*, No. 19-cv-11438-PBS, 2020 U.S. Dist. LEXIS 79718, at *12  (upholding antitrust and tortious interference counterclaims).[2]  In the Order to Show Cause, the Court appears to have rejected the pleading of these non-fraud elements as insufficiently detailed even under Rule 8(a) (Dkt. No. 145, at 13–14), but the reasonableness of Defendants making the allegation is supported by the fac that other courts have upheld similar pleading in sham litigation counterclaims.  *See also, e.g.*, *Smarte Carte, Inc. v. Innovative Vending Sols. LLC*, No. 1:19-cv-08681-NLH-AMD, 2020 U.S. Dist. LEXIS 177844, at *9 (D.N.J. Sep. 23, 2020) ("[D]ata to support Smarte Carte's market share is peculiarly within Smarte Carte's possession.  Additionally, IVS does not simply plead that Smarte Carte has control of the market, but rather IVS specifies the percentage of the market control."); *Bal Seal*, 2016 U.S. Dist. LEXIS 200714, at *17 ("Bal Seal allegedly possesses a market share exceeding 70% of the relevant product market.").

Also, in opposing the motion to dismiss, X-Body acknowledged the SACC asserts "some allegations that allege fraud (and meet the heightened pleading standard as discussed below), but they also contain allegations that do not sound in fraud."  Dkt. No. 138, at 2–3.  The primary point

---

[2] *See also, e.g.*, *Polaris*, 2017 U.S. Dist. LEXIS 77142, at *38 ("As discussed above, Kingston has sufficiently alleged that Polaris' [patent] lawsuit was a sham and accordingly has also alleged antitrust injuries via the cost of litigation."); *Universal Entm't Corp.*, 2020 U.S. Dist. LEXIS 96681, at *64 (upholding sham patent litigation threats to competitor's customers as "false statements of fact" under §43(a) of the Lanham Act, and upholding antitrust, intentional interference with contractual relations, intentional interference with prospective economic advantage, and defamation claims).  *Bal Seal*, 2016 U.S. Dist. LEXIS 200714, at *25 (upholding tortious interference, antitrust, and unfair competition claims under § 17200 of the California Business and Professions Code).

DEFENDANTS' RESPONSE TO THE RULE 11 ORDER TO SHOW CAUSE

RuyakCherian LLP
1936 University Avenue, Suite 350
Berkeley, CA 94704

RuyakCherian LLP
1936 University Avenue, Suite 350
Berkeley, CA 94704

that Defendants intended to make in the opposition is that Rule 9(b) "standards are limited to the 'averments of fraud' themselves, *i.e.*, the allegations concerning the statements themselves and their false or misleading representation of fact." *Universal Entm't Corp.*, 2020 U.S. Dist. LEXIS 96681, at *88. Thus, Defendants argued in good faith based on reasonable legal authority that Rule 8(a) still governs **non-fraud elements** such as market power, relevant market, reliance, and injury. *See supra* at 4 n.1. Defendants were also following *Vess*, which was emphasized by the Court in the Order dismissing the FACC. Dkt. No. 131, at 7–8. Specifically, *Vess* sets out a two-part inquiry whereby non-fraudulent and fraudulent averments coexist if any claim does "not rely entirely on a unified fraudulent course of conduct." *Vess*, 317 F.3d at 1106 (reversing district court dismissal of complaint, because one of the 68 paragraphs in the complaint stated the defendant "'negligently' failed to disclose its financial relationship," though other allegations indicated the nondisclosure was intentional); *id.* at 1105 ("'The allegations of innocent or negligent misrepresentation . . . would survive.'"); *see also, e.g.*, *Sherman*, 94 F. App'x at 575; *Miller*, 138 F. App'x at 16–17.

Defendants believe that Ninth Circuit cases like *Vess*, *Sherman*, and *Miller* support the argument that even when misrepresentations are pleaded in the alternative as intentional, or else merely negligent, Rule 8(a) should govern the latter. X-Body reasonably understood from the Order dismissing the FACC that the Court intended to apply Rule 9(b) to the allegations of intentional misstatements in the marketplace, but not the allegations of negligent or reckless misstatements. *See, e.g.*, SACC, ¶¶ 51, 81, 88, 95. When analyzing claims like those in the SACC, courts have isolated and apply Rule 9(b) only to averments of fraud,[3] and Defendants believed that the Court's order on the FACC, particularly the emphasis on *Vess*, did not suggest a contrary approach. Therefore, it was not frivolous for X-Body to contend that certain isolated averments like negligence

---

[3] *See, e.g.*, *Mack v. LLR, Inc.*, No. 17-cv-853-JGB-DTB, 2019 U.S. Dist. LEXIS 73030, at *17–18 (C.D. Cal. Feb. 6, 2019) (rejecting the notion that "Plaintiffs must allege with particularity their non-fraud-based unfair practice violation only because other claims in the [pleading] allege fraudulent conduct."); *In re Zoom Video Communs. Privacy Litig.*, 525 F. Supp. 3d 1017, 1045–46 (N.D. Cal. 2021) ("Plaintiffs' UCL claims of unlawful or unfair conduct are not subject to Rule 9(b)."); *Bernstein v. Vocus, Inc.*, No. 14-cv-01561-TEH, 2014 U.S. Dist. LEXIS 100739, at *24 (N.D. Cal. July 23, 2014) ("[N]egligent misrepresentation claims are not subject to the heightened pleading standards of Rule 9(b).").

should be analyzed under Rule 8(a).

## V.     CONCLUSION

For all of the foregoing reasons, X-Body respectfully asks that the Court find it has shown good cause for why Rule 11 sanctions should not be imposed.

Dated:  February 23, 2022                              Respectfully submitted,

                                                                        RUYAKCHERIAN LLP

                                                                        By: */s/ Robert Harkins*
                                                                             Robert Harkins

                                                                        Attorneys for Defendants X-BODY
                                                                        EQUIPMENT, INC. and JEWELL
                                                                        ATTACHMENTS, LLC

**RuyakCherian LLP**
**1936 University Avenue, Suite 350**
**Berkeley, CA  94704**

## PROOF OF SERVICE

I HEREBY CERTIFY under penalty of perjury that on this 23rd day of February, 2022, a true and correct copy of the foregoing pleading or paper was served using the Court's CM/ECF system with electronic notification of such filing to the all counsel of record registered with the system.

By: */s/ Robert Harkins*
Robert Harkins

RuyakCherian LLP
1936 University Avenue, Suite 350
Berkeley, CA 94704