UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Advanced Steel Recovery, LLC, | No. 2:16-cv-00148-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| X-Body Equipment, Inc. and Jewell Attachments, LLC, | |
| Defendants. | |

Plaintiff Advanced Steel Recovery, LLC (ASR) moves for leave to amend its patent infringement contentions. *See generally* Mot., ECF No. 153; Mem., ECF No. 154.  Defendant X-Body Equipment, Inc. opposes that motion, which is now fully briefed.  *See generally* Opp'n, ECF No. 156; Reply, ECF No. 157.  The court submitted the motion without hearing oral arguments.  Min. Order, ECF No. 159.

The parties have agreed to adopt the Northern District of California's Patent Local Rules in this matter.  *See* Joint Status Report at 9, ECF No. 29.  Under those rules, a party may amend its infringement contentions "only by order of the Court upon a timely showing of good cause."  N.D. Cal. Patent L.R. 3-6.  "In contrast to the more liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the shifting sands approach to claim construction."  *Oyster Optics, LLC v. Ciena Corp.*,

No. 20-02354, 2022 WL 561931, at *3 (N.D. Cal. Feb. 24, 2022) (quoting *GoPro, Inc. v. 360Heros, Inc.*, No. 16-01944, 2017 WL 1278756, at *1 (N.D. Cal. Apr. 6, 2017)).  "The moving party bears the burden of establishing diligence." *Id.* (quoting *GoPro*, 2017 WL 1278756, at *1).  "The diligence required is twofold: "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *GoPro*, 2017 WL 1278756, at *2 (quoting *Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-1745, 2015 WL 5440674, at *2 (N.D. Cal. Sept. 15, 2015)).

ASR argues it has good cause to amend its infringement contentions for two reasons.  First, it contends it should be permitted to conform its infringement contentions to the court's orders on claim construction.  *See* Mot. at 2–3.  The court issued its order on claim construction in July 2019, and it denied X-Body's motion to reconsider that order in October 2020.  *See* Order (July 19, 2019), ECF No. 101; Order (Oct. 13, 2020), ECF No. 132.  ASR could have sought leave to amend its infringement contentions to match the court's orders then.  It was not diligent in this respect.

Second, ASR argues it should be permitted to expand its infringement contentions to encompass additional products it learned about only recently.  *See* Mot. at 2; Mem. at 12–14.  ASR sent discovery requests to X-Body after the court's orders on claim construction.  *See* Nielsen Decl. ¶ 3 & Ex. 1, ECF Nos. 154-1, 154-2.  X-Body's responses to interrogatories, which it served in January 2021, referred to three versions of the allegedly infringing product, the "Acculoader."  *See* Resp. Interrog. No. 1, Nielsen Decl. Ex. 1, ECF No. 154-2.  X-Body argued the case was limited to only the first version of the Acculoader.  *See id.*  X-Body refused to provide responses about the two later versions because they were omitted from ASR's infringement contentions.  *See id.*

The dispute went unresolved for several months.  Nine months later, in October 2021, after X-Body responded to ASR's document requests, ASR's counsel claims to have found information about the two later Acculoader versions in these documents, including "photographs and design or technical documents."  Nielsen Decl. ¶¶ 4, 7, ECF No. 154-1.  ASR asked X-Body to stipulate to a deadline for ASR to amend its infringement contentions, but X-Body could not

1    agree without seeing the amendments ASR proposed.  *See id.* Ex. 4 at 3.  Over the next several

2    months, the parties exchanged letters and emails about a variety of discovery disputes, but ASR

3    did not respond to X-Body's request to review the proposed amendments; nor did it seek leave to

4    amend.  *See id.* Exs. 5–6.

5         ASR filed this motion in March 2022—five months after reviewing X-Body's documents

6    and more than a year after learning from X-Body that there were two more versions of the

7    Acculoader.  ASR has not explained whether and how the three Acculoader versions are similar

8    or different, and it has not proposed any amended infringement contentions.  "In similar contexts,

9    courts have found a lack of good cause and diligence when parties know about the products and

10   wait months before amending their contentions."  *Oyster Optics*, 2022 WL 561931, at *4; *see

11   also, e.g.*, *GoPro*, 2017 WL 1278756, at *2 (finding a party was not diligent after delaying "over

12   two months").  ASR has not shown it was diligent in discovering the need for an amendment, and

13   it has not shown it was diligent in seeking leave to amend.

14        The court need not consider whether an amendment would prejudice X-Body.  *GoPro*,

15   2017 WL 1278756, at *3.

16        The motion for leave to amend (ECF No. 153) is **denied**. IT  IS  SO  ORDERED.

17   DATED:  May 10, 2022.

18

19                                              _____

                                              CHIEF UNITED STATES DISTRICT JUDGE