1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Advanced Steel Recovery, LLC,                    No. 2:16-cv-00148-KJM-JDP

12                      Plaintiff,                     ORDER

13          v.

14   X-Body Equipment, Inc., et al.,

15                      Defendants.

16

17          On February 17, 2023, the court ordered plaintiff to show cause within fourteen days why

18   the claims against defendants Allstate Paper & Metal Recycling Co., Inc. and James Lin should

19   not be dismissed for failure to prosecute.  Order to Show Cause, ECF No. 176.  Plaintiff timely

20   responded to the order to show cause.  Response, ECF No. 177.

21          In 2016, the court granted the parties' stipulated request to sever and stay the case as to

22   Allstate, pending resolution of the patent infringement claims by plaintiff Advanced Steel

23   Recovery, LLC, against defendants X-Body Equipment, Inc. and Jewell Attachments, LLC.  In

24   2019, the court granted the motion to withdraw by counsel for Allstate and directed Allstate to

25   file a substitution of counsel within 30 days.  Prior Order at 5, ECF No. 110.  To date, Allstate has

26   not filed a substitution of counsel and is an unrepresented corporate entity.  *See* E.D. Cal. L.R.

27   183(a) ("A corporation or other entity may appear only by an attorney.").  Several of the court's

28   orders have been returned as "undeliverable" to the address of Allstate and its CEO, James Lin.

1

1  The court previously cautioned Allstate that failure to file a substitution of counsel may result in

2  an order to show cause or a notice of the potential for default proceedings upon the lifting of the

3  stay.  Prior Order at 5.

4      While the patent infringement claims by Advanced Steel Recovery against X-Body and

5  Jewell have not been resolved yet, the court finds entry of default against Allstate is warranted in

6  this case for the following reasons.  Allstate has not complied with court orders.  It has not filed a

7  substitution of counsel and has been an unrepresented corporate entity for over three years.

8  Allstate has not provided the court with its most current address.  *See* E.D. Cal. L.R. 183(b) ("A

9  party appearing in propria persona shall keep the Court and opposing parties advised as to his or

10  her current address.").  Failure to comply with the Local Rules may be grounds for judgment by

11  default or any other appropriate sanctions.  *See id.* 183(a).

12      Accordingly, the court **partially lifts the stay as to Allstate** and **directs the Clerk of**

13  **Court to enter a default against Allstate.**  The court recognizes Allstate is a customer of

14  X-Body, and Allstate's liability, if any, may depend in part on the resolution of the infringement

15  claims by Advanced Steel Recovery against X-Body.  *See* Stip., ECF No. 10.  Thus, Allstate, if it

16  obtains counsel, may move to set aside the entry of default and reinstate the stay.  Any such

17  motion **shall be filed within fourteen (14) days** of the clerk's entry of default.  If Allstate does

18  not so move, Advanced Steel Recovery shall move for default judgment against Allstate **30 days**

19  thereafter in front of the assigned magistrate judge.  The order to show cause (ECF No. 176) is

20  **discharged**.  The Clerk of Court is also directed to remove James Lin as a defendant from the

21  public docket as Lin is not a party in this case.

22      IT IS SO ORDERED.

23  DATED:  March 9, 2023.

24  _____
CHIEF UNITED STATES DISTRICT JUDGE